WALTER J. CALKINS, Respondent, *v.* CITY OF PLATTSBURGH, Appellant.

Third Department, July 12, 1960.

*Feinberg, Jerry & Lewis (Norman L. Harvey, Allen M. Light, Corporation Counsel, Harold A. Jerry* and *John T. Snell* of counsel), for appellant.

*John P. Judge* for respondent.

HERLIHY, J. Defendant appeals from a judgment awarding plaintiff $16,000 for personal injuries incurred when he slipped

and fell on a path of snow and ice created by the defendant on one of its streets.

The city, in its process of snowplowing and removal, accumulated large snow piles on each side of Margaret Street, the size and depth thereof apparently being controlled by the snow accumulation during the Winter months. The size of the snowbanks is graphically demonstrated by the pictures, the receipt of which is one of the main arguments of defendant on this appeal. The city had adopted over a period of years the policy of digging paths through the snowbanks to aid motorists in reaching the street and in particular, the parking meters of the city maintained by it for revenue purposes and in operation on the day in question.

With this preview, on February 24, 1958 at about 1:30 in the afternoon, the plaintiff parked his automobile alongside the snowbank and proceeded to walk upon a path leading to the parking meter and sustained the injuries, the nature and extent of which are not in issue on this appeal. The alternative to taking the path was to walk along the snowbank in the road some 40 feet to an intersection.

There was considerable testimony as to the amount of snow during the Winter and the estimated depths of a storm the previous day. The city showed the customary manner in which snow removal was accomplished including shoveling paths through the snowbanks and various other snow removal problems, all of which, we think, became part of the factual question of negligence on its part.

There was no obligation or duty on the city to construct paths through the snowbanks but, having done so, section 143 of the City Charter is no defense. Such section stated: "Said city shall not be liable for damages or injury to persons * * * alleged to have arisen or been sustained from or in consequence of a defective or unsafe condition in any sidewalk, street, highway, crosswalk * * * unless actual notice of such defective or unsafe condition shall have been given the superintendent of public works at least five days prior to such injury."

The condition here was created by the act of a city agency.

In *Annino* v. *City of Utica* (276 N. Y. 192, 196) which involved a temporary obstruction in the city streets placed there by its employees the court said: "No question of notice of the dangerous situation is in the case, for the city itself erected and maintained the obstruction." And at page 197: "It became a question of fact for the jury as to whether the defendant was negligent and as to whether its negligence was the proximate cause of the accident."

If here the snowbank had not been disturbed, the chances of ascribing liability to the city would be minimal, but once having undertaken to open a path and inviting the public to use it, the obligation arose to act in a reasonable and prudent manner.

We likewise conclude, under the circumstances, that the question of contributory negligence was for the jury. The plaintiff testified as to what he saw and observed before and at the time of entering the path and the fact that the jury might have found him guilty of negligence is not conclusive as a matter of law.

The receipt of the photographs was not prejudicial to the defendant. It is a rarity that pictures used in the trial of a case portray exactly the same situation as when the cause of the litigation arose. Here, all of the witnesses for the defendant were its own employees engaged in snow removal but when testifying at the trial, they were not shown the pictures claimed to be objectionable. Furthermore, the court instructed the jury in detail on this aspect of the case and said in part: " I emphasize that the pictures were taken two days after the accident happened, and you must determine from all of the evidence that those pictures fairly represent the condition as it existed at the time of the accident in order to give the pictures weight and consideration in determining the issues of fact."

The judgment should be affirmed, with costs to the respondent.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment affirmed, with costs to the respondent.