ISRAEL GOLDSTEIN, Respondent, v. CITY OF LONG BEACH, Appellant.—

Ughetta, Brennan and Hopkins, JJ., concur. Christ, J., dissents and votes to affirm the order, with the following memorandum, in which Beldock, P. J., concurs. The majority memorandum frames the issue and provides us with the salient facts; it is the analysis and result of the majority with which I disagree. Section 256-a of the Charter of the City of Long Beach should not be judicially interpreted so as to expand its applicability beyond its clear wording. Prior notice of an "out of repair, unsafe, dangerous or obstructed, * * * street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain, or sewer" is what the statute mandates. A boardwalk ramp is not one of the areas so minutely defined. The boardwalk and the boardwalk ramps are specialty constructions with respect to which the City Council may have felt the municipality owed a higher degree of care and maintenance. Whatever the reason, however, it saw fit not to include the harsh and extraordinary burden of prior notice in the statute as a condition precedent to suit by users of the boardwalk and ramps for injury due to danger or unsafeness thereof (see *Doremus* v. *Incorporated Vil. of Lynbrook*, 18 N Y 2d 362). It is necessary to consider that a previously enacted provision of the Charter (§ 256, 3d par. [see Local Laws, 1940, No. 2; 1957, Nos. 2, 4]) of the City of Long Beach specifically requires prior notice of the existence of snow and ice upon " any highway, sidewalk, cross-walk or street, parkway or park approach, *boardwalk or boardwalk ramp or approach*" (emphasis added) before an action may be maintained for personal injury arising therefrom. Section 256-a, at issue here, was enacted 13 years after the third paragraph of section 256 and it

fails to contain the emphasized items as part of its protection. I am not persuaded by the argument that the more recent Council, which enacted section 256-a, assumed that the passage of time had engrained "boardwalks and boardwalk ramps" into the meaning of other items like sidewalk or cross-walk, which are contained in the section. When section 256-a is examined, one still finds 10 separate and distinct areas of applicability, not among which are boardwalks and boardwalk ramps. Thus, there is a specific statutory omission which runs counter to the interpretation which the majority places on this statute. Moreover, the majority rule in this case places a harsh and heavy burden on the injured plaintiff; and in order to do so it reads a new element into the statute, with the not too-reassuring assertion that this is what the City Council intended to do, even though it failed to say so. The general effects of this type of statute, its specific language and the rationale accorded its village counterpart (Village Law, § 341-a) in *Doremus*, impel a strict construction and limitation on the scope of its reach.