■ THEODORE W. POWELL et al., Plaintiffs, v GATES-CHILI CENTRAL SCHOOL DISTRICT et al., Appellants-Respondents, and TOWN OF GATES, Respondent-Appellant. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Cross appeal by defendant, Town of Gates, dismissed on the ground that the judgment contains no dispositive provision with respect to the motion to dismiss the cross claims. Memorandum: At about 8:45 A.M. on January 22, 1970 plaintiff was stopped at a traffic control signal at the T-intersection of State highway Route 204 and Chili Avenue in the Town of Gates when his automobile was struck in the rear by a vehicle operated by defendant Logsdon. The two drivers got out of their cars to examine the property damage that had occurred and, while they were doing so, plaintiff stood between the two vehicles. Thereupon, a school bus owned by defendant Gates-Chili Central School District and operated by defendant Knaak struck defendant Logsdon's car in the rear and propelled it forward such that plaintiff, standing between the two automobiles, sustained serious personal injuries. In the action based on negligence subsequently commenced by plaintiff against the aforementioned defendants there was proof that hard packed snow or ice existed on Route 204 at the site of the accident. At the conclusion of plaintiff's proof, the trial court granted the town's motion to dismiss the action against it, by reason of the absence of prior written notice to the town of the accumulation of snow or ice as required by subdivision 1 of section 65-a of the Town Law. That dismissal was proper. There was no evidence that the town had created a hazard on the highway with respect to the snow or ice or that it had been guilty of any

affirmative act contributing to the condition which, it is asserted, would excuse the giving of prior written notice under the statute. Nor does the plain language of the statutory requirement of notice for an action "for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any *highway"* (emphasis supplied) support the contention that the requirement is not applicable when, as here, the site of the accident is a State, rather than a town, highway, as to which the town has assumed the responsibility for snow removal. Therefore, in the absence of prior written notice of the snow or ice condition, plaintiff's action against the Town of Gates could not be maintained. The town's motion for dismissal of its codefendants' cross claims for contribution under *Dole v Dow Chem. Co.* (30 NY2d 143) should similarly have been granted. If, by reason of the absence of prior written notice of the highway condition, no cause of action accrued in favor of the injured plaintiff against the town, no claim for *Dole* apportionment with respect to that defendant is available to its codefendants *(Barry v Niagara Frontier Tr. System,* 35 NY2d 629, 633–634). Codefendants Gates-Chili and Knaak suggest that in support of their cross claims against the town they would establish that the town was obligated by virtue of contracts existing between the State and the County of Monroe and between the county and the Town of Gates to perform snow removal on the State highway, Route 204, which could serve as the basis of an action by the plaintiff against the town and, therefore, as the basis of a cross claim by the codefendants. Indeed, on the trial this same theory was advanced by plaintiff, who was frustrated in his attempt to pursue it by the trial court's refusal to permit introduction of the snow removal contracts because they had not been referred to in the pleadings. Plaintiff has since settled his claim and is not appealing from any rulings or determinations by the trial court. The difficulty with the codefendants' contention, however, is that even if plaintiff were to proceed, or had been permitted to proceed, on a claim against the town based on a contractual obligation of snow removal, the requirement of prior written notice of the highway condition imposed by subdivision 1 of section 65-a of the Town Law would still be applicable. Notice is a prerequisite to actions "for damages or injuries to person or property", without regard for the legal theory upon which the action is predicated. Indeed, there is in fact no action "for damages or injuries to person or property" in and of itself. There are, however, at least four bases on which compensation for personal injuries may be obtained—contract, express or implied, negligence or strict products liability *(Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 400). Whatever might be the theory of plaintiff's claim, it would still be an action described in the statute and subject to the written notice requirement. Therefore, since the assertion of the snow removal contracts would avail the cross claiming defendants nothing, their cross claims should have been dismissed and the motion to amend their pleadings to allege the contracts should have been denied. (Appeals from judgment of Monroe Supreme Court in negligence action.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.