■ ALFRED DRZEWIECKI et al., Appellants, v CITY OF BUFFALO, Respondent.—Order unanimously affirmed, without costs. Memorandum: Plaintiffs recovered a verdict for property damage to their building resulting from vibrations caused when passing trucks and buses struck a depression in the street. The trial court set aside the verdict and dismissed the complaint

because plaintiffs failed to prove that the city clerk had received prior written notice of the defect as required by section 362 of the Buffalo City Charter. Concededly, such notice was not delivered to the city clerk. However, the city engineer had prior written notice and plaintiffs contend that substantial compliance is all that is required. The power of municipalities to insulate themselves from liability for damages resulting from nonfeasance is well established by statute (Second Class Cities Law, § 244; Village Law, § 6-628; Town Law, § 65-a) and court decision *(MacMullen v City of Middletown,* 187 NY 37; *Fullerton v City of Schenectady,* 285 App Div 545, affd 309 NY 701; *Ellis v City of Geneva,* 259 App Div 502, affd 288 NY 478) and in the absence of compliance with such statutory provisions where applicable, no cause of action exists. Any relief from this requirement must come from the Legislature and cannot come from the courts. Plaintiffs contend that the city is estopped from denying notice because of the correspondence of the city engineer acknowledging the defect and assuring them that the street would be fixed (cf. *Matter of Daley v Greece Cent. School Dist. No. 1,* 21 AD2d 976, affd 17 NY2d 530, discussing estoppels re notice of claim under General Municipal Law, § 50-e). The issue is not whether the city had actual knowledge of the defect. Concededly, it did. But a city may deny recovery to a plaintiff for damages resulting from nonfeasance even though it has actual knowledge of the defect (see *Ellis v City of Geneva, supra).* The dismissal was proper because plaintiffs failed to establish the prior written notice required by the charter which was a necessary condition precedent to their cause of action (see *Barry v Niagara Frontier Tr System,* 35 NY2d 629, 633–634). (Appeal from order of Erie County Court affirming judgment of Buffalo City Court, in action for damages to property.) Present.—Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.