■ JOSEPH SIDDON et al., Respondents-Appellants, v M. H. FISHMAN CO., INC., et al., Respondents, and VILLAGE OF MASSENA, Appellant-Respondent.— Appeal from a judgment of the Supreme Court, entered August 1, 1977 in St. Lawrence County, upon a verdict rendered at a Trial Term which awarded plaintiffs damages against the defendant Village of Massena. Cross appeals by plaintiffs and the Village of Massena (1) from a judgment of the Supreme Court, entered July 29, 1977 in St. Lawrence County, upon a verdict rendered at a Trial Term in favor of defendant Golden which dismissed plaintiffs' complaint against said defendants, and (2) from a judgment of the same court, entered June 24, 1977, which dismissed plaintiffs' complaint against defendant Fishman and dismissed all cross claims against said defendant. On February 12, 1971, at about 12:30 P.M., Daisy Siddon emerged from the rear of the M. H. Fishman Department Store, walked toward a metered parking lot maintained by the Village of Massena, and while traversing a path through a snowbank between two parking meters fell and was injured. The jury returned a verdict in favor of plaintiff Daisy Siddon against the village in the sum of $12,000, and in favor of her husband in the amount of $690.75. The amounts of the verdicts are not at issue on this appeal. Since the parties agree that the village was solely responsible for the maintenance of the metered lot, the issue is narrowed to the question of the applicability of section 341-a of the Village Law (now § 6-628). Former section 341-a imposed liability for damages sustained *"solely* in consequence of the existence of snow or ice" (emphasis added) only if prior written notice of the dangerous condition had been given to the village clerk and there was a failure to repair the defect within a reasonable time.* It clearly appears from the record that the village was aware that the subject

---

* The Massena Village Board enacted Local Law No. 6 in 1954 modifying section 341-a of the Village Law by eliminating the word "solely" and providing that written notice be given to the board of trustees.

parking lot was heavily used by the residents of the community and others; that the village received substantial revenues from the meters in the lot; that about a foot of snow had fallen during the four days prior to the accident; that the village, while under no obligation to clear the lot, did, in fact, plow the same in a manner that caused snow banks about two feet in height to accumulate between the rows of meters nearest the rear exit of the Fishman store, and, further, failed to return on the evening of the day that the lot was plowed, as was the practice of the village's department of public works according to the testimony of the foreman of that department, to remove the snowbanks created between the meters. Next, there were no alternate means of ingress or egress from the lot other than the openings between the meters. Based upon these findings we cannot conclude that the Trial Judge erred in determining that section 341-a of the Village Law (now § 6-628) was not applicable. Section 341-a is a modification of the general substantive law of torts and changes a village's duty of care *(Barry v Niagara Frontier Tr. System,* 35 NY2d 629, 633). Before any duty will arise with respect to street defects or dangerous conditions thereon by reason of snow or ice, prior written notice of such defect or condition is required. Absent prior written notice the village is liable only for affirmative negligence *(Drzewiecki v City of Buffalo,* 51 AD2d 870; *D'Imperio v Village of Sidney,* 14 AD2d 647, affd 12 NY2d 927). If the defect or condition is created by the municipality, prior written notice is not required *(Calkins v City of Plattsburgh,* 11 AD2d 153, mot for lv to app den 8 NY2d 708; *Hebbard v Ives,* 8 AD2d 648). Here, since the village concededly created the snowbanks between the parking meters and failed to remove them in conformity with prior practice of the department of public works, it must be charged with foreseeability of pedestrians being compelled to walk up and over the banks to leave and enter the lot, and, thereby, create a hazardous condition. Such a condition was, in fact, created and was found by the jury to be the proximate cause of plaintiff Daisy Siddon's fall and resultant injuries. We agree. Next, the village's requests to charge were inappropriate and unrelated to the applicable law which was properly charged by the court (cf. *Green v Downs,* 27 NY2d 205, 208). Lastly, in the absence of any proof that the accident occurred on property owned by defendant Golden and leased to defendant Fishman, the judgments entered on July 29, 1977 and June 24, 1977 must be affirmed. Judgments affirmed, without costs. Mahoney, P. J., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.