OPINION OF THE COURT
George A. Murphy, J.
The defendant, Town of North Hempstead, has moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7).
Plaintiff seeks to recover damages for personal injuries allegedly sustained as a result of the negligence of the defendant in failing to inspect and prune a tree located in the public way. Plaintiff claims the defendant allowed a nuisance and failed to take reasonable measures to avoid plaintiff’s claimed accident.
The complaint alleges, among other things, that on September 4, 1978, while riding in his employer’s truck, plaintiff was struck by a branch of a tree located in the public way in front of 48 Royal Way in New Hyde Park. The town concedes ownership of the tree although it is unclear who actually planted the tree in the public way.
The town argues that the action is barred on the ground that there was a failure to comply with section 26-1 of the Town Code which requires receipt by the town of actual written notice as a condition precedent to a civil action “for *655 damages of injuries to person or property sustained in consequence of any highway, bridge or culvert being defective, out-of-repair, unsafe, dangerous or obstructed”. The plaintiff, on the other hand, argues that the notice requirement of the Town Code is not only inapplicable but unconstitutional as well.
Although the court finds that section 26-1 of the Town Code is clearly constitutional (Klimek v Town of Ghent, 71 AD2d 359; Drzewiecki v City of Buffalo, 51 AD2d 870; MacMullen v City of Middletown, 187 NY 37; Municipal Home Rule Law, § 10), such finding is not determinative of the town’s motion.
The essence of the plaintiff’s complaint is that the town, for an obviously substantial length of time, negligently allowed the subject tree to grow and remain in a condition unsafe to persons traveling near and under it. The plaintiff contends that the town should be held liable for the injuries sustained in consequence of the town’s tolerating such a dangerous nuisance.
Section 26-1 of the Town Code, by its terms, applies to conditions and defects in, upon or at the location of highways, bridges or culverts. It appears to the court that more relevant and, indeed, applicable to the plaintiff’s complaint, is chapter 20A of the Town Code entitled “Environmental Planning and Control of Trees,” otherwise known as Local Law No. 2-1978. Section 20A-4 states as follows: “Enforcement. A. Public rights-of-way. The Superintendent of Highways shall have the authority to promulgate rules and regulations governing the planting, maintenance, removal, fertilization, pruning and bracing of trees in public rights-of-way and shall direct, regulate and control the planting, maintenance and removal of all trees growing now or hereafter, in any public right-of-way.” (Underlining added.)
Section 20A-6 states, in pertinent part, as follows: “Removal of trees constituting a nuisance. A. Public rights-of-way and town-owned public places. If, in the opinion of the town official, any tree on a public right-of-way or town-owned public place constitutes a hazard to adjoining public rights-of-way or to persons using the adjoining public rights-of-way, or if its roots are causing excessive damage *656 to the curb, gutters or sidewalks, or if it unduly interferes with any sewer system or public utility, the town official may remove the tree or consent to its removal.” (Underlining added.)
It is readily apparent that Local Law No. 2-1978 specifically addressed the need for the town to regulate and control entirely all trees in or adjoining public rights of way in order to protect the public against tree-caused unsafe or hazardous conditions throughout the town. That power, once legislated and assumed by the town, created a specific duty concerning such trees, a duty owned to all persons and a duty not contingent upon the town’s prior receipt of the written notice required under section 26-1 where a defective or otherwise unsafe, dangerous or obstructed highway, bridge or culvert might be involved. Suffice it to say that section 26-1 of the Town Code cannot be made to apply so as to defeat a valid claim simply because an offending tree happens to be near a highway, bridge or culvert.
It is only by the most strained interpretation that the tree complained of in the instant case can be deemed a part of a highway, bridge or culvert within the meaning of section 26-1 of the Town Code (Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362; Atkinson v Village of Ossining, 32 Misc 2d 856). Here, we are faced with a town law specifically enacted to deal with a particular need and requiring a particular course of municipal responsibility. The failure of the municipality to carry out its self-imposed responsibilities will cause it to suffer liability if injuries result from such failure (Harris v Village of East Hills, 41 NY2d 446).
Based on all of the foregoing, the motion by the Town of North Hempstead to dismiss the complaint herein is denied.