OPINION OF THE COURT
Howard A. Zeller, J.
Defendant Village of Cazenovia moves pursuant to CPLR 3212 for summary judgment, or in the alternative pursuant to CPLR 3211 (subd [a], par 7) for an order dismissing the complaint of plaintiffs Linda C. and James R. Youngblood.
Plaintiffs allegé that on March. 5,1980 at about 3:10 p.m. Mrs. Youngblood was walking down a series of steps between the sidewalk and Seminary Street in the Village of *1021 Cazenovia; the steps were covered with ice and snow, and the edges of the steps were cracked and chipped; plaintiff slipped and fell, fracturing her left elbow; plaintiff’s injuries were caused by the negligence of the village in failing to properly maintain the steps; plaintiffs seek damages for Mrs. Youngblood’s injuries, and for her husband’s loss of services and consortium.
Section 6-628 of the Village Law provides in part that “[n]o civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective * * * condition or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice” (see, also, CPLR 9804, to the same effect and cf. Holt v County of Tioga, 56 NY2d 414).
Does the notice requirement apply to injuries sustained on steps? This question was not raised by the parties but deserves to be discussed. Section 6-628 of the Village Law and CPLR 9804 cover injuries on a “street, highway, bridge, culvert, sidewalk or crosswalk,” and steps are not explicitly mentioned. Statutes such as these should be “read strictly” since they are “in derogation of the common law and we should not be at pains to write anything into [them]” (Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 365, 366). In Doremus the court found an injury allegedly caused by a defective stop sign was not within the scope of former section 341-a of the Village Law (the predecessor to section 6-628, which similarly covered any “street, highway, bridge, culvert, sidewalk or crosswalk”).
In Goldstein v City of Long Beach (28 AD2d 558) a local ordinance required prior notice of injuries due to a defective “street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain or sewer”. The court found this ordinance covered an injury which occurred on a *1022 boardwalk or ramp leading thereto. The court acknowledged the strict language of Doremus {supra) but “[ujnlike Doremus * * * this case involves an actual, physical defect on the surface of a public way and it is far more likely that the city was much concerned about lawsuits based on its failure to keep these ramps and the boardwalk in repair.” The 3 to 2 split of the court revealed the closeness of the question. The dissent noted a boardwalk ramp simply was not included in the ordinance terms, and Doremus compels a strict construction of those terms. “Moreover, the majority rule in this case places a harsh and heavy burden on the injured plaintiff; and in order to do so it reads a new element into the statute, with the not-too-reassuring assertion that this is what the City Council intended to do, even though it failed to say so.”
The reach of former section 341-a’s notice requirement was considered in DiLorenzo v Village of Endicott (70 Misc 2d 159, 160) where a sewer grate in the gutter of a public street was held not part of “ ‘the surface of a street * * * culvert, sidewalk or crosswalk’ ”.
Plaintiff in the case at bar fell on steps, which are not listed in section 6-628 of the Village Law. It could be argued that under a strict reading, steps should be excluded because they are not specifically mentioned. However, steps are part of the walkways which run near streets. They are essentially sidewalks laid on slopes, often connecting two stretches of sidewalk. The steps here are a part of the sidewalk which runs from a campus building down to the street. If the meaning of “sidewalk” is broad enough to include boardwalks and ramps it should also cover steps. The reasoning of Goldstein (28 AD2d 558, supra) rejects nice distinctions and focuses on a shared use — people walk on steps, boardwalks and ramps, the same as sidewalks, and the notice requirement should apply to all of them.
The village claims that no prior written notice of the stairway’s alleged condition was given to it. In 1978 the village corresponded with Cazenovia College about the condition of the sidewalks around the college. By letter dated October 13, 1978 the college president advised the village Mayor: “Pursuant to my letter of January 3, 1978 *1023 expressing the College’s deep concern about a matter of safety and public liability. I once more would bring to your attention that the sidewalks around the College are very badly broken up and little if anything has been done since my letter to you regarding this situation.” No letter dated January 3,1978 is before the court. By letter dated November 21,1978 the village attorney advised the college president substantial repairs had been made after receipt of his October 13 letter, and asked for specification of any other areas still needing work. The college business manager listed several areas in a letter dated December 20, 1978, but did not mention any steps on Seminary Street.
Notice must be given of “the particular place” that is defective (Village Law, § 6-628; CPLR 9804). Plaintiffs have submitted no evidence that notice relating to the stairway in question was given, and therefore the notice requirement has not been met.
The notice requirement will not apply, however, if a plaintiff has been injured by the active or affirmative negligence of the municipality (D’Imperio v Village of Sidney, 14 AD2d 647, affd 12 NY2d 927; Drzewiecki v City of Buffalo, 51 AD2d 870).
The distinction between active and passive negligence is “elusive and difficult of fair application” (Dole v Dow Chem. Co., 30 NY2d 143, 147) but the best general explanation may be found in volume 40 of New York Jurisprudence (Municipal Corporations, § 974): “When the fault imputed to the city consists of a mere failure to act for the plaintiff’s protection, there is no liability, even today. Stated more precisely, the rule is that when a municipality acts in its governmental capacity for the protection of the general public it cannot be cast in damages for a mere failure to furnish effective protection to a particular individual to whom it has assumed no special duty. On the other hand, when the city does some affirmative act which causes the injury, or which sets in motion a chain of events leading to the injury, a special duty may arise and liability may follow even when the municipality is performing a governmental function. Stated differently, a municipal corporation may be liable for negligent omissions where its previous conduct gives rise to such a condition or state of *1024 affairs that its omission constitutes an injury rather than the mere withholding of a benefit.”
An example of active negligence regarding sidewalks is Crandall v City of Amsterdam (254 App Div 39, affd 280 NY 527), where the city fought a fire and the runoff froze on a public sidewalk and the ice was not removed (plaintiff slipped on the ice). Another example is the failure to remove snowbanks plowed by a village between parking meters (plaintiff fell while walking over the snowbank) (Siddon v Fishman Co., 65 AD2d 832, mot for lv to app den 46 NY2d 714). Another is where the city allegedly placed a barrel of rock salt on the sidewalk and periodically refilled it; salt spilled from the barrel and caused the sidewalk to deteriorate (Muszynski v City of Buffalo, 33 AD2d 648, affd 29 NY2d 810). In contrast, the simple failure to remove snow and ice is passive negligence (Spicehandler v City of New York, 279 App Div 755, affd 303 NY 946).
The allegations at bar do not amount to active negligence. Plaintiffs claim that the ice on the stairway was caused in part by water dripping from a tree and lamppost maintained by the village. The fact that some of the precipitation may have struck another object first, instead of falling directly onto the stairs, does not alter the nature of the village’s alleged negligence. There is no showing that the village spilled water onto the stairway (cf. Crandall v City of Amsterdam, supra), or plowed snow onto the stairs (Siddon v Fishman Co., supra). The city’s alleged negligence consisted of failing to remove the snow and ice, and in failing to maintain the steps. That is passive negligence, as elusive and difficult as its application may be.
Plaintiff argues that Carr v Town of North Hempstead (108 Misc 2d 654) supports its argument that the village’s conduct here was actively negligent. In Carr plaintiff alleged that while traveling in a truck he was struck by a branch of a tree owned by the town, which had not been pruned. The town had a duty imposed by a local law to maintain its trees. The court (supra, p 656) found this duty was “not contingent upon the town’s prior receipt of * * * written notice”. Thus by passing the local law the town removed the notice requirement regarding injuries caused by poorly maintained trees. Plaintiff here argues that by *1025 maintaining the tree, lamppost and steps, the village imposed a duty upon itself and the notice requirement does not apply. However, this argument goes too far; by maintaining any of the areas listed in section 6-628 of the Village Law, a village would remove the notice requirement from them. The only way a village could take advantage of the notice requirement would be if it did no work on the listed areas; clearly, an untenable result. Insofar as Carr (supra) can be read as supporting that result, it is not followed.
The motion of defendant Village of Cazenovia for summary judgment dismissing the complaint is granted.