■ ROBERT A. GABRI et al., Appellants, v COUNTY OF NIAGARA, Appellant, and TOWN OF PENDLETON, Respondent. (Action No. 1.) ROBERT A. GABRI, Appellant, v COUNTY OF NIAGARA, Appellant, and TOWN OF PENDLETON, Respondent. (Action No. 2.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: We affirm Special Term's dismissal of plaintiff's complaint against the town for failure to allege compliance with Local Law No. 1 of 1977 of the Town of Pendleton which, we hold, requires, as a condition precedent to bringing suit, the service of written notice on the town of the defect or danger resulting from the existence of snow and ice upon county highways within the town (see *Drzewiecki v City of Buffalo,* 51 AD2d 870; *Powell v Gates-Chili Cent. School Dist.,* 50 AD2d 1079). Special Term erred, however, in dismissing the cross claim of the county against the town, which contained two causes of action: one for *Dole v Dow Chem. Co.* (30 NY2d 143) apportionment of fault and the other for the full shifting of the loss based on indemnity. Regardless of whether the town can be said to have breached a duty owed to plaintiffs, the town's breach of its contractual duty to the county to remove ice and snow from county highways gives rise to a claim for apportionment (see *Garrett v Holiday Inns,* 58 NY2d 253, 259; *Nolechek v Gesuale,* 46 NY2d 332; CPLR 1401). The second cross claim seeking recovery under the indemnity agreement should also be sustained. The dictum to the contrary in *Powell v Gates-Chili Cent. School Dist. (supra),* relied upon by Special Term, is not consistent with accepted principles which have been clearly articulated in recent cases that *Dole* "left undisturbed the established rules of indemnification" and that " '[t]he right to indemnity, as distinguished from contribution * * * springs from a contract,

express or implied, and full, not partial, reimbursement is sought' (*McFall v Compagnie Maritime Belge [Lloyd Royal], S.A.,* 304 NY 314, 327-328 * * *)" (*McDermott v City of New York,* 50 NY2d 211, 216; see *Riviello v Waldron,* 47 NY2d 297, 306). Special Term, having found that the town would not be liable to plaintiffs because of Local Law No. 1 of 1977, held that the town could not be negligent and reasoned that it could not, therefore, be liable under the indemnity clause. This was error. The town could be negligent even though insulated from liability to plaintiffs by virtue of the local law. Moreover, it could be negligent as to the county in failing properly to perform its contractual duty of removing ice and snow. (Appeals from order of Supreme Court, Niagara County, Ostrowski, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.