■ FRANCES RITACCO et al., Respondents, v TOWN/VILLAGE OF HARRISON, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from so much of an order of the Supreme Court, Westchester County (Beisheim, J.), entered March 21, 1984, as denied its motion for summary judgment, and upon dismissal of the complaint, provided that said dismissal was "without prejudice to replead".

Order reversed insofar as appealed from, on the law, with costs, defendant's motion for summary judgment granted and complaint dismissed with prejudice.

Plaintiffs instituted this action as a result of a fall owing to defendant's alleged failure to "properly" clean snow and ice from a sidewalk. It is undisputed that defendant received no prior notice of this condition as required by section 65-a of the Town Law and section 6-628 of the Village Law. In opposition to defendant's motion for summary judgment, plaintiffs alleged only that defendant "had apparently attempted to clean [the sidewalk] and did so in an improper manner". Defendant argues that the affidavit of plaintiff Frances Ritacco containing this allegation was untimely served upon it in violation of CPLR 2214 and 2103 and local court rules (22 NYCRR 780.7 [f]) and should not have been considered by Special Term. The lateness of this affidavit, however, was not brought to Special Term's attention and defendant failed to indicate that it was prejudiced by its consideration.

Nonetheless, plaintiffs failed to establish a triable issue of fact sufficient to defeat a motion for summary judgment. At best, plaintiff Frances Ritacco's statement that "defendant apparently attempted to clean [the sidewalk] and did so in an improper manner" is merely a "conclusory allegation" and not a "bona fide issue raised by evidentiary facts" (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231; see, also, *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10).

Furthermore, the mere failure to clean the ice and snow from a public sidewalk is insufficient to establish the type of affirmative negligence required to bring the action outside of section 65-a of the Town Law and section 6-628 of the Village Law (*Stratton v City of Beacon,* 91 AD2d 1018; *D'Imperio v Village of Sidney,* 14 AD2d 647, 648, affd 12 NY2d 927; cf. *Siddon v Fishman Co.,* 65 AD2d 832).

Accordingly, defendant's motion for summary judgment should have been granted and the complaint dismissed with prejudice. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.