■ JEAN RADICELLO et al., Appellants, v VILLAGE OF SPRING VALLEY, Respondent.—In a negligence action to recover for damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), entered June 19, 1984, which denied their motion to set aside a verdict in favor of defendant and for a new trial.

Order affirmed, with costs.

Plaintiffs commenced this suit alleging that due to defendant's negligent failure to clear the snow off a sidewalk, plaintiff Jean Radicello was compelled to walk in the street where she fell into a hole. Defendant answered that the suit was barred by the absence of prior written notice of this defect. The jury found in defendant's favor. Plaintiff then moved to set aside the verdict and for a new trial on the ground the trial court had erred in refusing to charge Spring Valley Code § 17-19, which essentially states that the defendant village has the duty to remove snow and ice from a sidewalk when the owners or occupiers of property in front of the sidewalk fail to do so within eight daylight hours after the termination of a snowfall. The motion was denied.

The Trial Judge acted properly. Since no prior written notice of the defect had been given to the defendant village, it was necessary for the jury to find affirmative negligence in order for the defendant to be held liable (see, Siddon v Fishman Co., 65 AD2d 832; Calkins v City of Plattsburgh, 11 AD2d 153). However, the failure to clear ice and snow from a public sidewalk is insufficient to establish the type of affirmative negligence required to bring the action outside of Village Law § 6-628, which requires prior written notice of defect (Ritacco v Town/Village of Harrison, 105 AD2d 834). Therefore, Spring Valley Code § 17-19 was properly omitted from the charge. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.