■ Louis Rodriguez, Respondent, v County of Suffolk et al., Defendants, and Town of Islip, Appellant.—In an action to recover damages for personal injuries, the defendant Town of Islip appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 11, 1985, which (1) denied its motion for summary judgment, and (2) granted the plaintiff's cross motion for an order, *inter alia,* granting him leave to serve a supplemental bill of particulars.

Ordered that the order is reversed, on the law, with costs, the defendant town's motion is granted and the plaintiff's cross motion is denied.

The plaintiff was injured in a multicar accident which occurred on December 24, 1980, at the intersection of Church Street and John Avenue in the Town of Islip. In the instant action, commenced in 1982, the plaintiff alleged in his complaint, *inter alia,* that the defendant town was negligent in permitting a dangerous snow and ice condition to "remain, unplowed, unsalted, unsanded or otherwise attended to".

It is beyond cavil that no action may be maintained against a town to recover damages for personal injuries sustained "solely in consequence of the existence of snow or ice upon

any highway * * * unless written notice thereof, specifying the particular place, was actually given to the town clerk or town superintendent of highways and there was a failure or neglect to cause snow or ice to be removed, or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice" *(see,* Town Law § 65-a [1]; *see also, Powell v Gates-Chili Cent. School Dist.,* 50 AD2d 1079). The only exception to this rule is if there is evidence of affirmative negligence by the town or that the town had created the hazard *(see, Powell v Gates-Chili Cent. School Dist., supra).*

After joinder of issue, examinations before trial, and the filing of a statement of readiness, the defendant town moved, in November 1984 for summary judgment, on the ground that written notice of the alleged dangerous condition had not been given to the town clerk or town superintendent of highways pursuant to Town Law § 65-a. In support of the motion, the defendant town submitted affidavits from the town superintendent of highways and the town clerk attesting to the plaintiff's failure in this regard. Indeed, in its opposition to the defendant town's motion for summary judgment, the plaintiff conceded that the required written notice had not been given. Under these circumstances, it was incumbent upon the plaintiff, in opposing the defendant town's motion for summary judgment, to establish affirmative negligence by the defendant town or that the defendant town had created the hazard, and to make that showing by producing "evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). The plaintiff's opposition papers consisted of his attorney's affidavit where it was alleged that the plaintiff had a witness, one Vaughn, who could "testify" as to the town's "active negligence". The plaintiff's opposition was clearly insufficient to defeat the town's motion for summary judgment. It is "well settled that an opposing affidavit by an attorney without personal knowledge of the facts has absolutely no probative value and should be disregarded" *(Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552, 553). With respect to the alleged witness Vaughn, the record indicates that he had been examined before trial as a nonparty witness. Nevertheless, no portion of his examination before trial or any affidavit from him was submitted with the plaintiff's opposition papers. Portions of Vaughn's examination before trial, as well as other items of discovery which had been previously sought by the plaintiff, were attached to the defendant town's reply affidavit, but they failed to establish that the defendant town either received prior written notice of

the snow and ice condition or created the condition complained of. Accordingly, the defendant town's motion for summary judgment must be granted and the plaintiff's cross motion denied. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.