■ LEWIS C. KIRSCHNER, as Public Administrator of Ulster County and Administrator of the Estate of ROBERT D. REYNOLDS, Deceased, Appellant, v TOWN OF WOODSTOCK, Respondent, et al., Defendants.—Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 28, 1988 in Ulster County, which granted defendant Town of Woodstock's motion for summary judgment dismissing the complaint and all cross claims against it.

On December 31, 1983 plaintiff's decedent was injured by an automobile while walking in the roadway of State Route 212 (Tinker Street) in defendant Town of Woodstock, Ulster County. His death is alleged to have resulted from the injuries. It is plaintiff's claim that decedent was prevented from walking on the sidewalk due to its obstruction by mounds of snow and ice that had accumulated on the sidewalk adjacent to Tinker Street as the result of the roadway plowing operations by State employees; the condition was caused by a spillover of the plowed snow onto the sidewalk. The negligence of the town is predicated on its failure to remove the accumulated snow and ice from the sidewalk. It is undisputed that at all times relevant to the happening of this accident the town

did not cause or create the condition that diverted decedent's path, and never plowed or otherwise attempted to remove the accumulated snow from the sidewalk that was caused by the State's plowing operations. It is also undisputed that the town never received the written notice required by Town Law § 65-a (2), and the complaint does not contain any allegation of compliance with that written notice requirement. Under that statute, the Town Clerk or the Town Superintendent of Highways are the only persons designated to receive such written notice.

After issue had been joined and depositions had been taken, the town moved for summary judgment dismissing the action against the town for plaintiff's failure to show and to plead compliance with the written notice requirement of Town Law § 65-a (2) or to show affirmative negligence on the town's part in regard to the condition that would excuse such compliance. In response to the town's motion, plaintiff submitted a lengthy affidavit of his attorney who had no personal knowledge of the facts underlying the accident. This affidavit, in the main, argues the legal inapplicability of the written notice statute to the facts of this case and the attorney's reliance on the limited opinions of State Department of Transportation employees as to what the duty of the town was in respect to snow removal from its sidewalks. The affidavit is of little or no probative value and does not adequately respond to the town's showing in support of its motion for summary judgment.

Assuming that the obstructed walkway here is a "sidewalk" which the town was required to maintain (see, Van Etten v State of New York, 103 Misc 2d 487, affd 83 AD2d 963, lv denied 55 NY2d 602), plaintiff has failed to carry his burden of showing evidentiary facts sufficient to defeat the town's motion for summary judgment. It has been held that without prior written notice of a defect caused by snow and ice, the plaintiff must demonstrate affirmative negligence in order to hold a defendant municipality liable, and the failure to clear snow and ice from a public sidewalk is legally insufficient to establish affirmative negligence (see, Radicello v Village of Spring Val., 115 AD2d 466; see also, Freeman v County of Nassau, 95 AD2d 363). The practical consequence of this requirement is to prevent the imposition of liability for nonfeasance except where the municipality fails or refuses to remedy the condition within a reasonable time after receipt of notice (Barry v Niagara Frontier Tr. Sys., 35 NY2d 629, 633-634). Those few cases relied on by the dissent (e.g., Klimek v Town of Ghent, 114 AD2d 614) are, in our view, inapposite.

These cases have excused compliance with the statutory written notice requirement only where the appropriate officers of the municipality had personally inspected the subject site or had directly performed work upon the subject area shortly before the accident. This exception is not applicable here. Accordingly, the order of Supreme Court should be affirmed.

Order affirmed, with costs. Kane, Casey and Mercure, JJ., concur.

Mahoney, P. J., and Weiss, J., dissent and vote to reverse in a memorandum by Weiss, J. Weiss, J. (dissenting). We respectfully dissent. There is no question that prior written notice of the alleged defect as required by Town Law § 65-a (2) was not provided. Absent such notice, the town may be liable for instances of affirmative negligence *(see, Waring v City of Saratoga Springs,* 92 AD2d 1080; *Siddon v Fishman Co.,* 65 AD2d 832, 833, *lv denied* 46 NY2d 714), but as the majority explains, the mere failure to clear ice and snow from a municipal walkway does not trigger the affirmative negligence exception to Town Law § 65-a (2) *(see, Radicello v Village of Spring Val.,* 115 AD2d 466; *Ritacco v Town/Village of Harrison,* 105 AD2d 834).

Plaintiff urges, nonetheless, and we agree, that the facts peculiar to this case take it out of the scope of Town Law § 65-a (2). This is clearly not an instance where an injury was related to the accumulation of snow and ice in some remote area of the town. The various depositions confirm that town officials were well aware of the annual accumulations of snow on the subject sidewalk, which was situated in the town business district, and had even retained private contractors between 1979 and 1980 to remove same. Since that time, town officials discussed the continuing snow problem, but opted not to authorize further removal operations. In the meantime, the State has continued to plow Tinker Street, but not the sidewalks. The net effect is an annual accumulation of snow and ice on the sidewalks which plaintiff maintains precipitated decedent's demise. Given these unique circumstances, we find that the absence of prior written notice is not fatal to plaintiff's claim *(see, Klimek v Town of Ghent,* 114 AD2d 614, 615; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875; *see also, Kiernan v Thompson,* 73 NY2d 840; *cf., Holt v County of Tioga,* 95 AD2d 934, 936, *mot to dismiss appeal granted* 60 NY2d 701). Since triable issues of fact have been raised as to the town's liability, Supreme Court erred in granting summary judgment in the town's favor *(see, Quinn v County of Sullivan,* 48 AD2d 965). Moreover, the town has failed to

establish how the decision not to authorize snow removal from Tinker Street comes within the qualified immunity doctrine delineated in *Weiss v Fote* (7 NY2d 579) *(see, Bailey v Honda Motor Co.,* 144 AD2d 119).