■ MARGARET PISCIONE, Individually and as Executrix of FRANK PISCIONE, Deceased, Appellant, v COUNTY OF ONEIDA et al., Respondents, et al., Defendant.—Order and judgment unanimously affirmed with costs. Memorandum: Plaintiff was injured when a truck he was driving skidded and overturned on Stone Road in the Town of Bridgewater, County of Oneida. Supreme Court properly granted the town and county summary judgment and dismissed the complaint. Plaintiff failed to establish that the town or county had prior written notice of the condition of the highway (see, Town Law § 65-a [1]; Drzewiecki v City of Buffalo, 51 AD2d 870, 871; see also, Zimmerman v City of Niagara Falls, 112 AD2d 17) or that either defendant affirmatively created the dangerous condition (see, Rodriguez v County of Suffolk, 123 AD2d 754, 755-756; Powell v Gates-Chili Cent. School Dist., 50 AD2d 1079, 1080). Actual or constructive notice cannot substitute for written notice where, as here, the condition of the highway involves snow or ice (see, Banta v County of Erie, 134 AD2d 839, 840; Gabri v County of Niagara, 99 AD2d 650; cf., Klimek v Town of Ghent, 114 AD2d 614; Schmalenberger v Town of Brookhaven, 28 AD2d 536). In any

event, the town supervisor acted reasonably and timely in salting the road after discovering the icy condition. The court properly rejected plaintiff's claim that the accident was caused by "frost" and thus that the statutory reference to "snow or ice" is inapplicable. The common meaning of frost is a covering of ice on a cold surface *(see,* Webster's New Collegiate Dictionary [1977]). (Appeal from order and judgment of Supreme Court, Oneida County, Grow, J.—summary judgment.) Present—Denman, J. P., Green, Pine, Lawton and Lowery, JJ.