■ ALICE PALKOVIC, Respondent, v TOWN OF BROOKHAVEN, Defendant and Third-Party Plaintiff-Appellant. SANTINI LENTINI et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered October 11, 1988, which denied its motion for summary judgment dismissing the complaint and the counterclaim by the third-party defendants.

Ordered that the order is reversed, on the law, with costs payable by the plaintiff, the motion by the defendant third-party plaintiff for summary judgment is granted and the complaint and the counterclaim by the third-party defendants are dismissed.

The plaintiff was injured as a result of a collison between her vehicle and the vehicle driven by the third-party defendant Frank Lentini. The plaintiff contends that the collision occurred as a result of an icy condition which the town permitted to exist on a public roadway. It is undisputed that the town did not receive the required prior written notice of this condition under Town Law § 65-a (1) or Town of Brookhaven Code § 84-1.

The law is well settled that the sole exception to the prior written notice requirement occurs where there is evidence of affirmative negligence on the part of the town or a showing that the town created the hazard complained of *(see, Rodriguez v County of Suffolk,* 123 AD2d 754; *Palazzo v S.P.H.E. Real Estate,* 105 AD2d 1017). It is incumbent upon the plaintiff, in opposing a motion for summary judgment, to establish

the exception by producing evidentiary proof in admissible form *(see, Rodriguez v County of Suffolk, supra,* at 755; *accord, Mogil v Town of Hempstead,* 152 AD2d 687, 688). A mere failure to remove ice and snow from a public highway or sidewalk is insufficient to establish the type of affirmative negligence necessary to exempt the case from the prior written notice requirement *(see, Camera v Barrett,* 144 AD2d 515, 516; *accord, Kirschner v Town of Woodstock,* 146 AD2d 965, 966; *Radicello v Village of Spring Val.,* 115 AD2d 466).

The plaintiff failed to establish a triable issue of fact sufficient to defeat a motion for summary judgment. The testimony of the investigating police officer that a portion of the roadway further west had been sanded and his conjecture that the sand at the subject location had been removed by traffic, was not a " 'bona fide issue raised by evidentiary facts' " *(Ritacco v Town/Village of Harrison,* 105 AD2d 834, quoting from *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). There is no evidence on the record that any sanding had occurred at the site of the accident or that the town had negligently performed any function.

Accordingly, the town's motion for summary judgment should have been granted and the complaint and the counterclaim by the third-party defendants dismissed. Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.