■ VALERIE BACON, Respondent, v CHARLES G. MUSSAW, Defendant, and CITY OF PLATTSBURGH, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered September 25, 1989 in Clinton County, which, *inter alia,* denied defendant City of Plattsburgh's motion for summary judgment dismissing the complaint against it.

On February 8, 1986, plaintiff was struck by an automobile operated by defendant Charles G. Mussaw while she was jogging in the roadway of State Route 314 in the City of Plattsburgh, Clinton County. In this action to recover damages

for her personal injuries, plaintiff alleges that defendant City of Plattsburgh was negligent in failing to clear snow from a strip of land measuring 10 feet in width by one half to three quarters of a mile in length running parallel to Route 314 on land leased to the city by the State under a written "Permit For Use of State-Owned Property" for use as a "Bike/Hike Trail". She charges the city with negligence in failing to clear the "bicycle path and/or sidewalk [along] Route 314" for use by pedestrians and in "creat[ing] a nuisance condition" in violation of the city ordinance requiring persons to clear sidewalks. Supreme Court denied the CPLR 3212 motion by the city to dismiss the complaint and the cross claim against it on the ground that there was no duty on the city to clear the bicycle path of snow and ice during the winter months, because bicycles are not generally used during those months in that area, and on the further ground that there had not been compliance with section 143 of the City Charter of the City of Plattsburgh, which requires that prior written notice be given to the city of an alleged defective condition caused by the snow as a prerequisite to an action against the city because of such defect. The city has appealed.

Plaintiff has called upon this court to expand the liability of the city for damages for personal injuries sustained by a jogger, not as the result of any affirmative act or omission on the part of the city, but solely because she chose to run in the public roadway where she was struck by an automobile driven by a third party. Plaintiff has assigned liability to the city for its alleged negligence, in this instance, as the possessor of land.

Like any other owner or occupier of land, the city "is only under a duty to exercise 'reasonable care under the circumstances' to prevent injury to those who come [on to the property]" (Akins v Glens Falls City School Dist., 53 NY2d 325, 329, quoting Basso v Miller, 40 NY2d 233, 241). Indeed, " '[a] landowner must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (Basso v Miller, supra, at 241, quoting Smith v Arbaugh's Rest., 469 F2d 97, 100, cert denied 412 US 939). It is equally well established that before a defendant may be found liable for its negligence, a duty must exist, the breach of which is the proximate cause of the plaintiff's injury (Palsgraf v Long Is. R. R. Co., 248 NY 339, 342). In Vogel v West Mountain Corp. (97 AD2d 46, 48), we held that "[t]he symme-

try is clear: absent a duty, there is no breach and, without a breach, there is no liability". The city contends that it has no duty to keep the trail free of snow and ice during the winter months "for the simple reason that bicycles are not generally used during the winter months in [Clinton County]", and it argues that the record is devoid of any evidence that the trail was used during the winter months as a means of traveling to the nearby civic center, which was open year round. Plaintiff, in turn, argues that because the city did on some occasions in the past remove snow from the trail, a duty arose to continue to keep the trail free of snow and ice. We cannot agree.

We first note that there was a sidewalk which ran between the roadway and the bike/hike trail but that plaintiff makes neither allegations of negligence by, nor reference to, any duty upon the city to have kept the sidewalk free of snow and ice. In any event, it is clear that the city's failure to clear snow and ice from a public sidewalk is, by itself, legally insufficient to establish affirmative negligence *(see, Radicello v Village of Spring Val.,* 115 AD2d 466; *see also, Freeman v County of Nassau,* 95 AD2d 363).[1] We find neither a common-law nor statutory duty upon the city to keep the trail free of ice and snow during the winter months. As we said in *Vogel v West Mountain Corp. (supra),* "[w]hile a court might impose a duty where none existed before, extreme care must always be exercised * * *. An important criterion is whether the realities of everyday experience demonstrate that the party to be made responsible could have prevented the negligent conduct" *(supra,* at 49 [citations omitted]). Plaintiff further contends that a duty was imposed upon the city because it was reasonably foreseeable that the trail would be used during the winter months by joggers. Again, we disagree. "Foreseeability should not be confused with duty. The principle expressed in *Palsgraf v Long Is. R. R. Co.* (248 NY 339, *supra)* * * * is applicable to determine the scope of duty—only after it has been determined that there is a duty. Since there is no duty here, that principle is inapplicable." *(Pulka v Edelman,* 40 NY2d 781, 785.)[2]

---

1. We note Supreme Court held that "[t]hus, whether this is a 'sidewalk' to which the usual wintertime standards of care, duty and breach apply cannot be answered until trial". The court failed to recognize that a sidewalk, separate from the trail, existed at the accident scene.

2. The principle referred to was expressed by the dissent in *Pulka v Edelman* (40 NY2d 781, 787) wherein it was stated that, "In the classic language of *Palsgraf v Long Is. R. R. Co.* (248 NY 339, 344), '[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports

It is necessary to draw a line between competing policy considerations which would provide a remedy to everyone who may sustain injury, and extending virtually limitless exposure to tort liability. While it may be tempting to best serve sympathy by the imposition of new duties and new liabilities without consideration of the resultant economic and social burdens, in the absence of legislative action it is the responsibility of the courts to fix the limits of such duties *(see, De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055; *cf., Waters v New York City Hous. Auth.,* 69 NY2d 225, 229).

Were we to hold otherwise, we would still be constrained to grant dismissal for failure to plead and prove compliance with the prior written notice requirement in section 143 of the City Charter. Plaintiff concedes noncompliance but contends that she was not prevented from using the trail because of a physical defect in its surface. Rather, she argues that she could not use it because it was covered with snow, a condition obvious to the city making the required notice unnecessary. We cannot agree. The City Charter states that "[n]o civil action shall be maintained against the City for * * * injuries * * * sustained in consequence of any street, highway * * * sidewalk, crosswalk * * * being * * * unsafe, dangerous or obstructed, or in consequence of the existence of snow or ice thereon". This court recently held that "without prior written notice of a defect caused by snow and ice, the plaintiff must demonstrate affirmative negligence in order to hold a defendant municipality liable, and the failure to clear snow and ice from a public sidewalk is legally insufficient to establish affirmative negligence" *(Kirschner v Town of Woodstock,* 146 AD2d 965, 966). We see little difference between the hike/bike trail in the instant case and, accordingly, hold that plaintiff's noncompliance with the statute requires dismissal of the complaint.

Were we to hold otherwise and reach the merits, we would still grant summary judgment in favor of the city. This court may search the record *(see,* CPLR 3212 [b]) and grant the relief to which a party is entitled *(see, Sky Four Realty Co. v C.F.M. Enters.,* 128 AD2d 1011, 1013; *see also, Howell v Davis,* 58 AD2d 852, 853, *affd* 43 NY2d 874). The record clearly shows the bike/hike trail was not the proximate cause of the accident. In her deposition, plaintiff testified that she knew she would not be able to use the bicycle path and that she

---

relation; it is risk to another or to others within the range of apprehension'."

voluntarily undertook to run along Route 314 that day knowing that the bicycle path was not cleared. She acknowledged that she was familiar with the path having ridden a bicycle along it many times prior to the accident. Finally, she was not required to select that route on that day, and testified she was simply going to run to the fire station on the north side of Route 314 and then turn around. The snow and ice on the bike/hike trail, at most, provided the occasion or condition for the occurrence, but was not the cause *(see, Raimon v City of Ithaca,* 157 AD2d 999). Plaintiff was not compelled to run in the roadbed of Route 314; rather, the decision was her independent and voluntary choice. Having made this choice, she cannot now recover from the city for the injuries she sustained.

Order reversed, on the law, without costs, motion granted and complaint and cross claim dismissed against defendant City of Plattsburgh. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.