■ SHANNON GORMAN, an Infant, by Her Father and Natural Guardian, KEVIN GORMAN, et al., Appellants, v PETER

RAVESI et al., Defendants, and CITY OF FULTON, Respondent. [684 NYS2d 386] —Order unanimously affirmed without costs. Memorandum: In this action for damages arising out of personal injuries sustained by plaintiff Shannon Gorman, plaintiffs allege that defendant City of Fulton (City) was negligent in failing to remove promptly a large accumulation of snow from a City sidewalk, forcing Shannon to walk onto the adjoining roadway, where she was struck by an automobile operated by defendant Peter Ravesi. Supreme Court granted the City's motion for summary judgment on the ground that the City had not been furnished with prior written notice of the sidewalk's condition, as required by section C230 (B) of the Charter of the City of Fulton.

There are limited exceptions to statutory prior notice requirements that obviate the necessity of pleading and proving prior written notice (*see, Blake v City of Albany*, 63 AD2d 1075, *affd on other grounds* 48 NY2d 875; *see also, Adam v Town of Oneonta*, 217 AD2d 894; *Klimek v Town of Ghent*, 114 AD2d 614; *cf., Lalley v Adam, Meldrum & Anderson Co.,* 186 AD2d 1083). In opposing the motion for summary judgment, plaintiffs asserted as an exception to the general rule that the City's affirmative acts of negligence created or caused the defective condition (*see, Kiernan v Thompson*, 73 NY2d 840; *Bisulco v City of New York*, 186 AD2d 84). The City's failure to remove snow and ice constitutes nonfeasance (*see, Radicello v Village of Spring Val.*, 115 AD2d 466; *see also, Piscione v County of Oneida*, 159 AD2d 982), but a municipality's mere nonfeasance, as opposed to affirmative negligence, does not invoke the exception (*see, Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917; *Pittel v Town of Hempstead*, 154 AD2d 581).

Plaintiffs' other contention regarding the City's actual notice is raised for the first time on appeal and is therefore not preserved for our review (*see, Walker v Huber*, 254 AD2d 734; *Matter of Rodgers v Crumb,* 242 AD2d 874). Similarly, plaintiffs' challenge to the police photograph of the accident site is not preserved for our review. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.