■ Evan Davidson, Respondent, v Town of Chili, Appellant. [827 NYS2d 795]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered April 14, 2006 in a personal injury action. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the vehicle in which he was a passenger collided with another vehicle, allegedly because of the accumulation of drifting snow and ice on the roadway. Supreme Court granted defendant's motion for summary judgment dismissing the complaint in part, denying the motion insofar as plaintiff alleged that defendant was negligent in failing to erect snow fences in the area where the accident occurred. We agree with defendant that the court should have granted the motion in its entirety. Defendant established its entitlement to judgment as a matter of law by establishing that prior written notice of the defective condition was required because plaintiff sought damages for "injuries . . . sustained solely in consequence of the existence of snow or ice upon [a] highway" and that defendant did not receive such notice (Town of Chili Code § 94-1; *see Lugo v County of Essex*, 260 AD2d 711, 713 [1999]), and plaintiff failed to raise a triable issue of fact in opposition. Contrary to plaintiff's contention, defendant's failure to install snow fences is "nonfeasance, as opposed to affirmative negligence," and thus the exception to the prior written notice requirement for affirmative acts of negligence does not apply (*Gorman v Ravesi*, 256 AD2d 1134, 1135 [1998]; *see generally Amabile v City of Buffalo*, 93 NY2d 471, 474-476 [1999]). Also contrary to plaintiff's contention, prior written notice was required "without regard [to] the legal theory upon which the [claim at issue] is predicated," which in this case is the alleged breach of defendant's contractual duty to erect the snow fences (*Powell v Gates-Chili Cent. School Dist.*, 50 AD2d 1079, 1080 [1975]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.