Brockway v County of Chautauqua (2020 NY Slip Op 05659)





Brockway v County of Chautauqua


2020 NY Slip Op 05659


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


832 CA 19-01813

[*1]BRYAN G. BROCKWAY, PLAINTIFF-RESPONDENT,
v
COUNTY OF CHAUTAUQUA, DEFENDANT-APPELLANT. 






WEBSTER SZANYI LLP, BUFFALO (PETER L. VEECH OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered August 7, 2019. The order denied defendant's motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on a patch of snow and ice located outside the Chautauqua County Courthouse. The complaint alleged that a dangerous or defective condition existed as a result of defendant's negligent snow and ice removal operations and procedures, and its failure to provide "a means of ingress/egress with a handrail." We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint.
Defendant established its entitlement to judgment as a matter of law by submitting evidence that it did not receive prior written notice of the allegedly dangerous or defective condition as required by Chautauqua County Local Law No. 4-09 (see Brick v City of Niagara Falls, 121 AD3d 1591, 1592 [4th Dept 2014]). In opposition, plaintiff failed to raise a triable issue of fact whether such prior written notice was given (see Scovazzo v Town of Tonawanda, 83 AD3d 1600, 1601 [4th Dept 2011]). Further, plaintiff failed to raise an issue of fact regarding the applicability of an exception to the prior written notice requirement, i.e., as relevant here, that defendant "affirmatively created the defect through an act of negligence" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130 [2011]; see generally Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). A municipality
" 'may not be held liable for the mere passive failure to remove all snow and ice' " or to install a handrail because "[s]uch acts are acts of omission rather than affirmative acts of negligence" (Alfano v City of New Rochelle, 259 AD2d 645, 645 [2d Dept 1999]; see Davidson v Town of Chili, 35 AD3d 1246, 1247 [4th Dept 2006], lv denied 8 NY3d 809 [2007]; Gorman v Ravesi, 256 AD2d 1134, 1135 [4th Dept 1998]). Here, plaintiff's submissions establish only defendant's alleged "nonfeasance, as opposed to affirmative negligence," and the exception to the prior written notice requirement for affirmative acts of negligence therefore does not apply (Gorman, 256 AD2d at 1135).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court