■  JUNE L. HORAN, Respondent, v. HARRY MOLBERGER, Appellant, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendant Harry Molberger appeals from an interlocutory judgment of the Supreme Court, Kings County, entered June 17, 1971, against him and in favor of plaintiff, upon a jury verdict after a trial on the issues of liability only. Interlocutory judgment reversed, on the law and the facts, without costs, and complaint dismissed, without costs. Plaintiff claims she slipped on ice on the sidewalk in front of a building owned by appellant. The latter's employee, the superintendent of the building, testified he had cleaned all of the snow and ice from the sidewalk. The sidewalk in front of the adjacent lot had not been shoveled. The path from the adjacent lot across the sidewalk in front of appellant's building was a route to the subway. The temperature was below 32 degrees and the snow could not have melted and flowed onto the

sidewalk from the snow piled alongside the path. At the very most, plaintiff's evidence gave rise to an inference that appellant had not cleared the snow and ice from the sidewalk, or removed it incompletely, or removed the snow cover from underlying ice. The evidence was insufficient to establish that the ice had been caused by appellant or that appellant's actions had increased the hazards that had been brought about by natural causes. In summary, the evidence was insufficient in law to establish negligence of appellant (*Cannon* v. *Pfleider,* 19 A D 2d 625; *Kelly* v. *Rose,* 291 N. Y. 611; *Connolly* v. *Bursch,* 149 App. Div. 772; *Glassman* v. *City of New York,* 284 App. Div. 1045, affd. 1 N Y 2d 712; *Bonfrisco* v. *Marlib Corp.,* 30 A D 2d 655, affd. 24 N Y 2d 817). We are also of the opinion that even if it could be deemed that a prima facie case was established by plaintiff, a new trial would have to be granted because (1) the verdict is against the weight of the credible evidence, insofar as it imports a finding that the dangerous condition was created by appellant (*Glassman* v. *City of New York, supra*); and (2) the instruction to the jury requested by appellant should have been granted, in order to clarify the trial court's charge as to responsibility for "increased hazard". Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.