■ ALPHONSO ALBANESE, Respondent, v TOWN OF HEMPSTEAD, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated February 23, 1990, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff's claim for damages is based on his fall on snow and ice in "the middle row of parking stalls" in a parking lot owned by the defendant Town of Hempstead. In support of its motion for summary judgment dismissing the complaint, the defendant town indisputedly established that it had not received written notice of the alleged dangerous condition of snow and ice as required by Town Law § 65-a (1) and Town Code of Town of Hempstead § 6-2. "Under these circumstances, it was incumbent upon the plaintiff, in opposing the defendant town's motion for summary judgment, to establish affirmative negligence by the defendant town or that the defendant town had created the hazard, and to make that showing by producing 'evidentiary proof in admissible form' *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068)" *(Rodriguez v County of Suffolk,* 123 AD2d 754, 755).

The parties have completed discovery and the record shows that following a snowfall four days before the accident, an employee of the defendant town had plowed the roadway in the parking lot but he was unable to clear the parking stalls because, as acknowledged by the plaintiff, there were cars parked in the stalls. However, contrary to the plaintiff's contention, the defendant town's failure to plow the entire parking lot is not sufficient to raise a triable issue of fact. The failure to remove all snow and ice does not constitute evidence establishing affirmative negligence by the defendant town or that the defendant town caused a condition dangerous to pedestrians *(see, Rodriguez v County of Suffolk,* 123 AD2d 754,

*supra; Ritacco v Town/Village of Harrison,* 105 AD2d 834; *see also, Radicello v Village of Spring Val.,* 115 AD2d 466; *Spice-handler v City of New York,* 279 App Div 755, 756, *affd* 303 NY 946; *Connolly v Bursch,* 149 App Div 772), thereby taking the action outside the written notice requirement. Therefore, the defendant town's motion for summary judgment dismissing the complaint should have been granted. None of the cases cited by the Supreme Court or the plaintiff support a different result. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.