■ RENEE S. WEINBERG et al., Respondents, v SHINCONIC COURT, INC., Respondent, and BRIAN FOSTER, Doing Business as COMPLETE YARD CARE, Appellant. [598 NYS2d 969] —In a negligence action to recover damages for personal injuries, etc., the defendant Brian Foster, doing business as Complete Yard Care, appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 28, 1991, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him and all cross claims as against him.

Ordered that the order is reversed, on the law, with costs payable by the defendant-respondent, the motion is granted, the complaint insofar as it is asserted against the appellant and any cross claims against him are dismissed, and the action against the remaining defendant is severed.

The plaintiff Renee Schell Weinberg was leaving work on the evening of January 4, 1988, when she slipped on a patch of ice in the parking lot of the defendant Shinconic Court, Inc. Earlier that day, the defendant Brian Foster had plowed the snow out of the lot pursuant to an oral agreement with a tenant of the shopping center.

There is no evidence in the record that the defendant Foster either breached his agreement or improperly performed his snow-plowing operations (see, Mandelkorn v City of New York, 121 AD2d 608; Horan v Molberger, 38 AD2d 587). Since no genuine triable issues of fact were shown to exist, Foster was entitled to judgment in his favor as a matter of law (see, Fresh Meadow Country Club v Village of Lake Success, 158 AD2d 581). Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.