■ MARGARET WOLL, Respondent, v VILLAGE OF ROCKVILLE CENTRE, Appellant. [613 NYS2d 640] —In an action to recover damages for personal injuries, the defendant Village of Rockville Centre appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated November 18, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped on a patch of ice which remained in a parking lot of the defendant Village of Rockville Centre after the Village had plowed the lot following a snowfall. It is uncontested that no written notice of the icy condition was ever received by the Village. As we have held on previous occasions, the failure to remove all snow or ice from a public roadway or parking lot does not constitute evidence establishing affirmative negligence by the defendant municipality nor does it establish that the municipality caused a condition dangerous to pedestrians (see, Albanese v Town of Hempstead, 176 AD2d 697; Ritacco v Town/Vil. of Harrison, 105 AD2d 834; see also, Conroy v County of Cattaraugus, 176 AD2d 1228). Therefore, summary judgment should have been granted to the defendant. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.