■ Carol Zwielich, Respondent, v Incorporated Village of Freeport, Appellant. [617 NYS2d 871] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Hart, J.), dated April 7, 1993, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Contrary to the conclusion of the Supreme Court, we find that the plaintiff failed to adduce any evidence of affirmative negligence on the part of the defendant in connection with the creation or exacerbation of the alleged dangerous ice condition *(see, Albanese v Town of Hempstead,* 176 AD2d 697; *cf., Thompson v County of Putnam,* 163 AD2d 517). Accordingly, in the conceded absence of prior written notice *(see,* Village Law § 6-628; *Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917), the defendant Village may not be held liable for its mere passive failure to remove all snow and ice from its municipal parking lot *(see, Albanese v Town of Hempstead, supra; Spicehandler v City of New York,* 279 App Div 755, *affd* 303 NY 946). Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.