■ IRMA DIPAOLO et al., Appellants, v VILLAGE OF TUCKAHOE, Respondent. [678 NYS2d 368] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Scarpino, J.), entered July 7, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Irma DiPaolo was allegedly injured when she slipped and fell on a patch of snow and/or ice in a municipal parking lot owned and maintained by the defendant, Village of Tuckahoe. It is well established that where, as here, there has been no prior written notice of a claimed defect (*see,* Village Law § 6-628), a village may not be held liable for the mere passive failure to remove all snow and ice from its municipal parking lot (*see, Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920).

The plaintiffs assert (and the dissent agrees) that this case falls within the exception to the prior written notice requirement provided in *Ferris v County of Suffolk* (174 AD2d 70). We disagree. In *Ferris,* this Court acknowledged "a narrow exception to the prior written notice requirement" in circumstances where a municipality, because it either had inspected or performed work at the accident site, should have had knowledge of a defective or dangerous condition (*Ferris v County of Suffolk, supra,* at 71). *Ferris,* however, did not involve a snowy or icy condition and, indeed, this Court has subsequently held that actual or constructive notice cannot substitute for written notice when the condition involves snow or ice (*see, Linder v Town of Babylon,* 187 AD2d 568). We have considered the plaintiffs' remaining contention and find it to be without merit. Accordingly, the Supreme Court did not err in granting the defendant's motion for summary judgment. Rosenblatt, J. P., Sullivan, Joy and Altman, JJ., concur.

Luciano, J., dissents and votes to reverse the order and deny the defendant's motion with the following memorandum: The plaintiff was injured when she slipped and fell on a patch of ice or snow in a parking lot owned and maintained by the defendant Village. The Supreme Court determined that the Village had not received prior written notice of the dangerous condition pursuant to Village Law § 6-628, and that the Village was

not affirmatively negligent in plowing portions, but not all, of the snow and ice present in the parking lot on the day of the plaintiff's accident. The court, therefore, granted summary judgment to the Village.

I conclude that the Supreme Court failed to apply relevant case law from this Court, which, under the facts in this case, would require that the Village's motion for summary judgment be denied. I, therefore, respectfully disagree with the majority on the ground that the significant issue before the Court is not whether the Village was guilty of affirmative negligence, but whether the Village's actions were such that the narrow exception established in the opinion by the late Justice Balletta in *Ferris v County of Suffolk* (174 AD2d 70) is applicable to eliminate the requirement of written notice.

The purpose of the written notice provisions is to insure that a municipality has a reasonable opportunity to cure defective conditions the existence of which it could not be expected to know absent some sort of positive apprisal (*see, Ferris v County of Suffolk, supra,* at 74). Where, however, dangerous conditions are easily visible, apparent upon visual inspection, inspection of the site has been made for the purpose of discovering just such defects, and the defects have existed for a sufficient length of time prior to the accident to allow the municipality to discover and remedy them, the need for written notice has been abrogated (*Ferris v County of Suffolk, supra,* at 74-75). It is the combination of an inspection for the purpose of discovering dangerous defects and the open and obvious nature of the defect which gives rise to notice to the municipality.

In the present case, the Superintendent of Public Works for the Village testified that the parking lot was inspected on a daily basis, particularly during the winter months, for the specific purpose of insuring that no hazardous conditions, including snow and ice, were present. The parking lot had been partially plowed on February 4, 1995, four days prior to the accident. Further, there was evidence that the day before the accident a police officer had escorted one of the plaintiff's coemployees across the icy ground in the parking lot. The evidence is undisputed that an icy condition in the parking lot existed and that it was a patently hazardous condition. Assuming that the Village employees did, in fact, inspect on a daily basis, the Village did not need written notice of the obvious, dangerous condition which had existed for a sufficient length of time prior to the accident to allow the Village to discover and remedy it.

Cases cited by the Village to support its position that it was

not affirmatively negligent are clearly distinguishable since there was no evidence presented in those cases that the municipalities had inspected for the purpose of discovering the dangerous defect (*see, Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920 [the Village may not be held liable for its mere passive failure (i.e., not affirmative negligence) to remove all snow and ice from its municipal parking lot]; *see also, Linder v Town of Babylon,* 187 AD2d 568; *Grant v Incorporated Vil. of Lloyd Harbor,* 180 AD2d 716 [failure to remove ice from the road or to salt and sand it are acts of omission, not acts of affirmative negligence such as would exempt the plaintiff's claim from the prior written notice requirement]; *Albanese v Town of Hempstead,* 176 AD2d 697 [the failure to remove all snow and ice from the municipal parking lot because there were cars parked in the stalls does not constitute evidence establishing affirmative negligence by the town or that the town caused a condition dangerous to pedestrians]; *Ritacco v Town / Village of Harrison,* 105 AD2d 834). Had there been no specific allegation in this case that a daily inspection was performed to prevent the very accident which occurred, the exception would not be applicable. In my opinion, however, the averments of the Village representative to that effect preclude the granting of summary judgment.