(March 22, 1999)

■ JOYCE ALFANO et al., Respondents, v CITY OF NEW ROCHELLE, Appellant. [686 NYS2d 813] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), dated November 7, 1997, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion for summary judgment is granted, and the complaint is dismissed.

The injured plaintiff allegedly suffered injuries when she slipped and fell on an accumulation of ice and/or snow on a sidewalk in the City of New Rochelle. Thereafter, she and her husband commenced the instant action against the City, *inter alia,* to recover damages for the personal injuries which she allegedly suffered.

The Supreme Court erred in denying the City's cross motion for summary judgment. New Rochelle City Charter, article XII, § 127A (Local Laws, 1985, No. 4 of City of New Rochelle) requires, as a condition precedent to an action such as the instant one, that the City have prior written notice of the allegedly defective condition. In support of its cross motion in the instant case, the City established a prima facie case that it had no prior written notice of the condition alleged by the plaintiffs.

It is well settled that where such a prior written notice law is in effect, a municipality "may not be held liable for the mere passive failure to remove all snow and ice" from an area (*DiPaolo v Village of Tuckahoe,* 253 AD2d 841; *Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920). Such acts are acts of omission rather than affirmative acts of negligence (*see, Grant v Incorporated Vil. of Lloyd Harbor,* 180 AD2d 716). Although a prior written notice law does not apply where the municipality created the alleged condition by an affirmative act

of negligence (see, Poirier v City of Schenectady, 85 NY2d 310, 315; Doherty v Town of Orangetown, 221 AD2d 310, 311), in the instant case, the plaintiffs presented no evidence that the City affirmatively created the condition of which the plaintiffs complained. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.