■ Virginia A. Moore, Appellant, v Village of Pelham, Respondent, et al., Defendant. [692 NYS2d 698] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered August 18, 1998, which granted the motion of the defendant Village of Pelham for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, entered August 26, 1998, upon the order, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action against the respondent (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff was allegedly injured when she slipped and fell on an accumulation of ice and freshly-fallen snow in a municipal parking lot owned and maintained by the defendant Village of Pelham. In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the Village established that it had not received written notice of the existence of snow or ice as required by Village Law § 6-628 (*see also,* General Municipal Law § 50-e [4]). Thus, the Village may not be held liable for its failure to remove all snow and ice from its municipal parking lot (*see, DiPaolo v Village of Tuckahoe,* 253 AD2d 841; *Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920; *Linder v Town of Babylon,* 187 AD2d 568). Furthermore, in opposing the Village's motion for summary judgment, the plaintiff failed to raise an issue of fact through evidentiary proof in admissible form that the Village had created the hazard (*see, Zwielich v Incorporated Vil. of Freeport, supra; Albanese v Town of Hempstead,* 176 AD2d 697; *Rodriguez v County of Suffolk,* 123 AD2d 754; *Ritacco v Town/Village of Harrison,* 105 AD2d 834). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.