■ JAMES FRULLO et al., Respondents, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Appellant. [711 NYS2d 185] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Carter, J.), entered September 27, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs commenced this action against the defendant Incorporated Village of Rockville Centre (hereinafter the Village) to recover damages for injuries allegedly sustained by the plaintiff James Frullo when he slipped and fell on snow and ice that had accumulated upon a road owned and maintained by the Village. The Village sought summary judgment on the ground that it had not had prior written notice of the alleged hazardous condition (see, Village Law § 6-628). The plaintiffs opposed the motion on the ground that the Village had created the allegedly hazardous condition through an affirmative act of negligence.

The Supreme Court erred in denying the Village's motion for summary judgment. The Village established a prima facie case that it did not have prior written notice of the alleged condition, which is a condition precedent to maintaining an action against it based on a hazardous snow or ice condition on its streets or sidewalks (see, Village Law § 6-628; Amabile v City of Buffalo, 93 NY2d 471, 474; Brooks v Village of Babylon, 251 AD2d 526; Sloan v Village of Hempstead, 223 AD2d 632; see also, CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562). While notice is not required where the Village created the condition though an affirmative act of negligence (see,

*Amabile v City of Buffalo, supra,* at 474; *Mayer v Town of Brookhaven,* 266 AD2d 360), the evidence submitted by the plaintiffs in opposition to the motion failed to raise a triable issue of fact on that issue (*see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra,* at 562). It is well settled that a municipality may not be held liable for its failure to remove all snow and ice from a particular area, since such a failure is not an affirmative act of negligence (*see, Alfano v City of New Rochelle,* 259 AD2d 645; *Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920; *Woll v Village of Rockville Centre,* 205 AD2d 683). The remaining acts of the Village alleged by the plaintiffs were either unsubstantiated by the record or did not constitute affirmative acts of negligence. Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.