◼ MICHAEL LYSOHIR, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [781 NYS2d 693]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 16, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when he slipped and fell

on an icy sidewalk in front of Suffolk County Police Headquarters. After his deposition was held, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

The defendants established their entitlement to summary judgment by demonstrating that they did not have prior written notice of the alleged icy condition as required by Suffolk County Charter § C8-2A. While written notice would not be required if the defendants created the condition by an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]), the evidence submitted by the plaintiff in opposition to the motion failed to raise a triable issue of fact as to whether the defendants created the alleged hazardous condition (*see Myrow v City of Poughkeepsie*, 3 AD3d 480, 481 [2004]; *Frullo v Incorporated Vil. of Rockville Ctr.*, 274 AD2d 499, 500 [2000]; *Moore v Village of Pelham*, 263 AD2d 448 [1999]). Contrary to the plaintiff's contention, actual notice of the alleged hazardous condition did not satisfy the written notice requirement (*see Berner v Town of Huntington*, 304 AD2d 513 [2003]; *Harvey v Monteforte*, 292 AD2d 420 [2002]). Consequently, the Supreme Court should have granted the defendants' motion.

In light of our determination, we need not address the parties' remaining contentions. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.