CAROL WALKER, Appellant, v INCORPORATED VILLAGE OF FREEPORT, Respondent. [860 NYS2d 188]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered June 28, 2007, as, upon reargument, granted the defendant's motion for summary judgment dismissing the complaint, which had been denied in a prior order of the same court dated February 20, 2007.

Ordered that the order entered June 28, 2007 is affirmed insofar as appealed from, with costs.

On the morning of December 28, 2002 the plaintiff allegedly slipped and fell on ice which had accumulated on the surface of a parking lot owned and operated by the defendant, and thereafter commenced this action. The defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that it had received no prior written notice of the hazardous condition, as was required by Village Law § 6-628 and Incorporated Village of Freeport Ordinances § 27-2, as a condition precedent to the commencement of a civil action against the Village. After initially denying the motion, the Supreme Court, upon reargument, granted the defendant's motion for summary judgment dismissing the complaint.

Contrary to the plaintiff's contention, a parking lot is considered a highway within the meaning of the Village Law and local ordinances such as the one invoked by the defendant (*see Shannon v Village of Rockville Ctr.*, 39 AD3d 528, 529 [2007]). The defendant established its prima facie entitlement to judgment as a matter of law by submitting proof that a search of the defendant's records revealed no prior written notice of an icy condition at the parking lot during the two weeks leading up to the subject accident (*id.* at 529). Once the defendant satisfied its burden showing a lack of prior written notice, the plaintiff was required to come forward with admissible evidence to raise

an issue of fact as to whether written notice was given or whether the defendant created or exacerbated the alleged icy condition through its affirmative acts of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). The plaintiff failed to raise a triable issue of fact as to either matter (*see* CPLR 3212 [b]). Accordingly, upon reargument, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.