■ DALE R. SAN MARCO et al., Respondents, v VILLAGE/TOWN OF MOUNT KISCO, Appellant. [871 NYS2d 236]—

On February 5, 2005, at approximately 8:15 A.M., while exiting her sports utility vehicle in a public parking lot owned and maintained by the defendant, the plaintiff Dale R. San Marco (hereinafter the plaintiff) allegedly slipped and fell on an accumulation of black ice on the surface of the parking lot, sustaining injuries. The plaintiff, with her spouse suing derivatively, commenced this action asserting a cause of action alleging negligence. After joinder of issue, the defendant moved for summary judgment dismissing the complaint on the ground that it had no prior written notice of any hazardous condition at the parking lot as required by Village Law § 6-628 and Village of Mount Kisco Code § 93-47. The plaintiff opposed, arguing that prior written notice was not an element of her negligence claim, and in any event, the affirmative negligence exception was applicable since the defendant created the black ice hazard through its negligent snow removal procedures by piling snow in an area adjacent to parking meters, rather than removing the snow. The plaintiffs alleged that the temperature fluctuations between January 29, 2005 and February 5, 2005 resulted in the snow melting and refreezing, creating a dangerous condition. The plaintiffs submitted, inter alia, photographs of the parking lot taken on the day of the accident which the plaintiff averred showed piles of snow near parking meters near the accident site and a puddle of water forming in the area where, she alleged, there was black ice at the time of her accident. The Supreme Court denied the motion, finding that the defendant failed to establish its entitlement to judgment as a

matter of law on the ground that its snow removal efforts had not caused or exacerbated the icy condition upon which the plaintiff alleges she slipped and fell. Further, the court held that in any event, the plaintiffs raised a triable issue of fact as to whether the ice formed because the defendant was negligent in creating snow piles next to adjacent parking meters, rather than removing the snow from the parking lot. We reverse.

In general, where, as here, a notice statute is in effect (*see* Village Law § 6-628; Village of Mount Kisco Code § 93-47), a municipality cannot be held liable for injuries absent prior written notice of a dangerous or defective condition (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *Gorman v Town of Huntington,* 47 AD3d 30, 34 [2007]). Further, a parking lot is considered a highway within the meaning of the notice statutes at issue (*see Walker v Incorporated Vil. of Freeport,* 52 AD3d 697 [2008]; *Shannon v Village of Rockville Ctr.,* 39 AD3d 528 [2007]; *Doherty v Town of Clarkstown,* 233 AD2d 477, 478 [1996]). However, such liability may attach (1) "where the locality created the defect or hazard through an affirmative act of negligence" or (2) "a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo,* 93 NY2d at 474; *Gorman v Town of Huntington,* 47 AD3d at 35).

Contrary to the Supreme Court's determination, the defendant established, prima facie, through the affidavit of its manager clerk, that it had not received prior written notice of the allegedly hazardous condition of black ice in the parking lot as required by Village Law § 6-628 and Village of Mount Kisco Code § 93-47 (*see Walker v Incorporated Vil. of Freeport,* 52 AD3d 697 [2008]).

In opposition, the plaintiffs failed to raise a triable issue of fact. To meet their burden, the plaintiffs were required to show that the defendant's alleged negligence " 'immediately result[ed] in the existence of a dangerous condition' " (*Yarborough v City of New York,* 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York,* 8 NY3d 888, 889 [2007]; *Bielecki v City of New York,* 14 AD3d 301, 301-302 [2005]). Viewing the evidence in the light most favorable to the nonmoving plaintiffs (*see Wallice v Waterpointe at Oakdale Shores,* 249 AD2d 383 [1998]), and even assuming that the defendant's creation of snow piles adjacent to parking meters was negligent, the plaintiffs failed to raise a triable issue of fact as to the applicability of the affirmative negligence exception. According to the deposition testimony of a foreman from the defendant's Highway and Sanitation Department (hereinafter the Highway Department), prior to the plaintiff's accident, the Highway Department last plowed the

parking lot on January 25, 2005. According to the report of the plaintiffs' meteorological expert, melting and refreezing could not have begun until four days later, on January 29, 2005. Such facts do not rise to immediate creation, as it was the environmental factors of time and temperature fluctuations that caused the allegedly hazardous condition, not the allegedly negligent creation of snow piles (*see Yarborough v City of New York*, 10 NY3d 726 [2008], *affg* 28 AD3d 650, 651 [2006]; *Oboler v City of New York*, 8 NY3d at 889; *Marshall v City of New York*, 52 AD3d 586 [2008]; *Speach v Consolidated Edison Co. of N.Y., Inc.*, 52 AD3d 404 [2008]; *Bielecki v City of New York*, 14 AD3d at 301-302; *cf. Bown v Village of Lynbrook*, 23 AD2d 559 [1965], *revd* 17 NY2d 826 [1966]).

To the extent that *Smith v County of Orange* (51 AD3d 1006 [2008]) may be read to hold otherwise, it should not be followed. Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.