■ CARLA J. POWELL et al., Appellants, v TOWN OF HEMPSTEAD, Respondent. [877 NYS2d 468]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered January 18, 2008, which, upon the granting of the defendant's motion, inter alia, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor and against the defendant on the issue of liability, and for judgment as a matter of law, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law. In general, where, as here, a local law or ordinance requires prior written notice of a highway defect, a municipality cannot be held liable for injuries allegedly caused by that defect absent prior written notice of that defect

(*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *San Marco v Village/Town of Mount Kisco*, 57 AD3d 874, 876 [2008]). "However, such liability may attach (1) 'where the locality created the defect or hazard through an affirmative act of negligence' or (2) 'a "special use" confers a special benefit upon the locality' " (*San Marco v Village/Town of Mount Kisco*, 57 AD3d at 876, quoting *Amabile v City of Buffalo*, 93 NY2d at 474).

Here, no evidence was presented at trial to show that the defendant received notice of the parking field defect involved in the injured plaintiff's accident so as to satisfy the prior written notice requirement of the Town of Hempstead Code (*see* Town of Hempstead Code § 6-2; *McCarthy v City of White Plains*, 54 AD3d 828, 829-830 [2008]; *Wilkie v Town of Huntington*, 29 AD3d 898 [2006]; *Tuzzolo v Town of Hempstead*, 292 AD2d 446 [2002]; *Gellos v Town of Hempstead*, 284 AD2d 370 [2001]; *Roth v Town of N. Hempstead*, 273 AD2d 215 [2000]). Additionally, no evidence was presented demonstrating the applicability of either of the exceptions to the prior written notice requirement. Accordingly, since there is no valid line of reasoning and permissible inferences which could possibly lead a rational person to the conclusion reached by the jury on the basis of the evidence presented at trial, the Supreme Court properly granted those branches of the defendant's motion which were to set aside the verdict and for judgment as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Amachee v Mohammed*, 57 AD3d 812 [2008]).

The plaintiffs' remaining contentions either need not be addressed in light of our determination or are without merit. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.