■ MARGARET GRONINGER, Appellant, v VILLAGE OF MAMARONECK, Respondent. [888 NYS2d 205]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated July 22, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff slipped and fell on a patch of ice in a municipal parking lot of the Village of Mamaroneck. The Village demonstrated its prima facie entitlement to judgment as a matter of law by submitting proof that there was no prior written notice of the existence of the icy condition. Contrary to the plaintiff's contention, the prior written notice requirements of Village Law § 6-628 and CPLR 9804 are applicable to a municipal parking lot (*see Powell v Town of Hempstead,* 61 AD3d 950, 951 [2009]; *Peters v City of White Plains,* 58 AD3d 824, 825 [2009]; *San Marco v Village/Town of Mount Kisco,* 57 AD3d 874, 876 [2008]; *Walker v Incorporated Vil. of Freeport,* 52 AD3d 697 [2008]; *Tuzzolo v Town of Hempstead,* 292 AD2d 446, 447 [2002]). While the plaintiff's contention in this regard, premised on *Walker v Town of Hempstead* (84 NY2d 360 [1994]) is not without some logical appeal, we are not persuaded that a departure from our long-standing precedents in this area is warranted. The plaintiff failed to raise a triable issue of fact on the question of notice. Neither actual nor constructive notice of a condition is sufficient to satisfy the requirement of prior written notice (*see McCarthy v City of White Plains,* 54 AD3d 828, 829 [2008]; *Ferreira v County of Orange,* 34 AD3d 724, 725 [2006]; *Mahler v Incorporated Vil. of Port Jefferson,* 18 AD3d 450 [2005]).

Since the defendant established its prima facie entitlement to judgment, the burden shifted to the plaintiff to show the applicability of one of the two exceptions to the prior written notice requirement. The plaintiff had to show either that the Village affirmatively created the condition through an affirmative act of negligence that immediately resulted in the dangerous condition, or that a special use resulted in a special benefit to the Village (*see Yarborough v City of New York,* 10 NY3d 726, 728 [2008]; *Oboler v City of New York,* 8 NY3d 888, 889 [2007]; *Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). The plaintiff failed to meet that burden.

The failure to remove all the snow or ice from a parking lot is not an affirmative act of negligence (*see Frullo v Incorporated Vil. of Rockville Ctr.,* 274 AD2d 499, 500 [2000]; *Moore v Village of Pelham,* 263 AD2d 448 [1999]; *Alfano v City of New Rochelle,* 259 AD2d 645 [1999]; *Zwielich v Incorporated Vil. of Freeport,* 208 AD2d 920 [1994]). The plaintiff failed to adduce any evidence that the patch of ice was created as an immediate consequence of an affirmative act of negligence by the Village. The opinion offered by the plaintiff's expert was, at best, speculative, and was insufficient to raise a triable issue (*see Robinson v Trade Link Am.,* 39 AD3d 616, 617 [2007]; *see also Gershfeld v Marine Park Funeral Home, Inc.,* 62 AD3d 833, 834 [2009]). Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.