■ KERRI STALLONE, Respondent, v LONG ISLAND RAIL ROAD, Respondent, and INCORPORATED VILLAGE OF LINDENHURST, Appellant. [894 NYS2d 65]—

On the morning of February 13, 2006, approximately 12 hours after the end of a major snowstorm, the plaintiff allegedly slipped and fell on an accumulation of snow or ice in a parking lot at the Lindenhurst station of the defendant Long Island Rail Road (hereinafter the LIRR). The parking lot was owned by the LIRR and operated and maintained by the defendant Incorporated Village of Lindenhurst. The plaintiff commenced this action against the LIRR and the Village seeking to recover damages for her injuries. Eventually, the Village moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that the plaintiff failed to establish that it had prior written notice of the defect, as required under Village Law § 6-628 and the Code of the Incorporated Village of Lindenhurst § 116-1. In the order appealed from, the Supreme Court denied the motion, finding, inter alia, that there was an issue of fact as to whether the Village created the dangerous condition by negligently plowing the parking lot. We reverse the order insofar as appealed from.

The Village established its prima facie entitlement to judgment as a matter of law by submitting proof that it had not received prior written notice of the dangerous condition allegedly presented by snow and ice in the parking lot (see Village Law § 6-628; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009]). The burden thus shifted to the plaintiff to establish the applicability of an exception to the prior written notice requirement—either that the Village made special use of the parking lot which resulted in a special benefit to it or that the Village's affirmative act of negligence immediately resulted in the dangerous condition (see *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009]; cf. *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]). The plaintiff failed to meet that burden. Generally, a municipality may not be held liable for its failure to remove all snow and ice from a particular area, inasmuch as such a failure

is not an affirmative act of negligence (*see Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009]; *Frullo v Incorporated Vil. of Rockville Ctr.*, 274 AD2d 499, 500 [2000]). Moreover, there is no evidence here that the Village's plowing efforts immediately resulted in a dangerous condition or exacerbated a previously existing dangerous condition. The opinion offered by the plaintiff's expert was addressed, in effect, to the deficiencies in the Village's efforts to remove the snow, rather than to its affirmative creation or exacerbation of a dangerous condition. Consequently, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The plaintiff's remaining contention is without merit. Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.