[907 NYS2d 407]

BRUCE LYNCH, an Infant, by his Mother and Natural Guardian, NANCY MIGNONE, Plaintiff, v VILLAGE OF MONROE et al., Defendants.

Supreme Court, Orange County, August 27, 2010

684

APPEARANCES OF COUNSEL

*Torino & Bernstein, P.C.*, Mineola, for defendants. *Foulke Law Offices*, Goshen, for plaintiff.

**OPINION OF THE COURT**

JEFFREY A. COHEN, J.

The infant plaintiff alleges that he slipped and fell on ice in the parking lot of Smith's Clove Park (the Park) where he was attending a "Battle of the Bands" show sponsored by the defendant Monroe Joint Recreation Commission, also known as Monroe Joint Park Recreation Commission (the Park Commission).* Defendant Village of Monroe (the Village) owned the Park.

Defendants now move to dismiss the complaint based on the prior written notice statute and upon the fact that neither defendant had any prior notice of the alleged defect which caused the infant plaintiff to fall. Plaintiffs oppose the motion.

The Village and the Park Commission contend that the applicable prior written notice statute mandates that summary judgment be awarded to them.

Village Law § 6-628 requires that "written notice of the defective . . . condition [be] actually given to the village clerk." Prior notice laws are to be strictly construed. (*See Conlon v Village of Pleasantville*, 146 AD2d 736 [2d Dept 1989].) The subject notice must be given to the village clerk as required by the statute. (Village Law § 6-628.)

A party moving for summary judgment must assemble *affirmative* proof to establish its entitlement to judgment as a matter of law. (*Zuckerman v City of New York*, 49 NY2d 557 [1980].) In order to meet their burden of entitlement to summary judgment as a matter of law, defendants must establish that the Village Clerk of Monroe did not receive prior written notice of an alleged defect or the existence of snow or ice. (*Kravatz v County of Suffolk*, 40 AD3d 1042 [2d Dept 2007]; *Ferreira v County of Orange*, 34 AD3d 724, 724 [2d Dept 2006].)

---

* The Park Commission was formed by the Village and Town of Monroe pursuant to General Municipal Law § 244-d.

The Village established, through the affidavit of Virginia Carey, Jr., that it had not received prior written notice of the dangerous condition allegedly presented by the ice in the parking lot of the Park. (*Stallone v Long Is. R.R.*, 69 AD3d 705 [2d Dept 2010]; *Eidlisz v Village of Kiryas Joel*, 302 AD2d 558 [2d Dept 2003].)

Plaintiffs do not address the fact that the Village did not receive any prior written notice of the alleged dangerous icing condition in the parking lot. The failure to controvert this factual assertion results in a tacit admission to its truth. (*See Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973, 974 [2d Dept 2006].)

Plaintiffs do make an argument with regard to the defendant Park Commission, namely, that the Park Commission is a separate entity not entitled to the benefits of the prior written notice obligations provided by Village Law § 6-628.

In what seems to be an issue of first impression, this court holds that recreation commissions, as well as joint recreation commissions, established pursuant to article 13 of the General Municipal Law are not separate entities and therefore are entitled to the protections of prior written notice statutes such as Village Law § 6-628.

Nothing contained in article 13 of the General Municipal Law indicates that a recreation commission may function separate and apart from the village officers. Indeed, the statutes contained in General Municipal Law article 13 indicate otherwise.

For example, donations accepted by recreation commissions must be deposited with the treasurer of the municipality, albeit to the account of the recreation commission, and such funds may be "withdrawn and paid out in the same manner as money appropriated for recreation purposes." (General Municipal Law § 244-a.) Likewise, expenses incurred by such commissions "shall be a charge against the municipality incurring the same, payable from the current funds of such municipality." (General Municipal Law § 245.) General Municipal Law § 243, which permits municipalities to establish a "recreation commission," provides that such commission may be established by resolution and that such commission "shall possess all the powers and be subject to all the responsibilities of local authorities under this article." (General Municipal Law § 243 [1].) And with regard to "joint recreation commissions," such as the Park Commission in the case at bar, while the applicable statute permits two or

more municipalities to "acquire property for and operate and maintain playgrounds or neighborhood recreation centers and may make and perform agreements in connection therewith" (General Municipal Law § 244-b), the statute makes clear that such joint agreement must

"include provisions for the proportionate cost to be borne by each municipality or school district and the manner of employment of personnel and may provide that a fiscal officer of one such municipality shall be the custodian of the moneys made available for expenditure for such purposes and that such fiscal officer may make payments therefrom upon audit of the appropriate auditing body or officer of his municipality." (General Municipal Law § 244-b.)

While the court was unable to locate any case law on this subject, it notes that several New York State Attorney General and Comptroller opinions support the conclusion that the Park Commission is a part of the Village. (*See* 1950 Atty Gen [Inf Ops] 150 [a village recreation commission may not be established as a separate entity apart from the control of the village officers; moneys appropriated for the purposes of such commission should be disbursed in the same manner as other village moneys]; 1965 Ops Atty Gen 63 [municipal recreation commissions are public bodies]; 1983 Atty Gen No. 83-37 [a town recreation commission must receive legal services through the town attorney's office, unless the town board authorizes the commission to employ an attorney or contract for legal services]; 1991 Ops St Comp No. 91-34 [acknowledging that recreation commissions are political subdivisions]; 1988 Ops Atty Gen No. 88-12 [same individual may not simultaneously serve as mayor and as an employee of the city's recreation commission]; 1986 Ops Atty Gen No. 86-8 [serving simultaneously as a member of the city council and as an employee of a recreation commission is "dual officeholding," but no conflict exists].)

Accordingly, this court holds that the Park Commission is entitled to the benefits of the prior written notice obligations provided by Village Law § 6-628.

As the defendants did not receive any prior written notice of a dangerous and defective condition, the burden on this motion shifts to the plaintiffs who were required to establish that an affirmative negligence exception exists, i.e., "either that the Village made special use of the parking lot which resulted in a special benefit to it or that the Village's affirmative act of

negligence immediately resulted in the dangerous condition." (*Stallone v Long Is. R.R.* at 706.)

■ Here, plaintiffs' "theory of the case is that defendant failed to appropriately treat and remove a solid sheet of ice from the lower lot which creating [*sic*] a recurring hazardous condition." (Affirmation in opposition ¶ 19.) This theory is not sufficient to hold the defendants liable. Under New York law, removing snow and ice does not subject a village to liability simply because removal is incomplete or because it exposes a dangerous condition that it did not create. (*See Bonfrisco v Marlib Corp.*, 24 NY2d 817 [1969]; *Horan v Molberger*, 38 AD2d 587, 588 [2d Dept 1971] ["The evidence was insufficient to establish that the ice had been caused by appellant or that appellant's actions had increased the hazards that had been brought about by natural causes"].) This theory of the case is insufficient to establish a special use of an affirmative act of negligence on the part of the defendants. (*See Stallone v Long Is. R.R.*, *supra* [no evidence that village's plowing efforts in railroad station parking lot immediately resulted in a dangerous condition or exacerbated a previously existing dangerous condition, as required for exception to prior written notice requirement to apply and subject village to liability for plaintiff's slip and fall on an accumulation of snow or ice in parking lot]; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2d Dept 2009] [in action against village to recover damages for personal injuries allegedly sustained when plaintiff slipped and fell on patch of ice in a parking lot, summary judgment granted to defendant village based on prior written notice statute]; *San Marco v Village/Town of Mount Kisco*, 57 AD3d 874 [2d Dept 2008] [affirmative negligence exception not established in black ice case where court finds that environmental factors of time and temperature fluctuations caused allegedly hazardous condition, not allegedly negligent creation of snow piles]; *Frullo v Incorporated Vil. of Rockville Ctr.*, 274 AD2d 499 [2d Dept 2000] [municipality may not be held liable for its failure to remove all snow and ice from a particular area, as such a failure is not an affirmative act of negligence]; *Moore v Village of Pelham*, 263 AD2d 448 [2d Dept 1999] [village was not liable for injuries sustained by pedestrian who slipped and fell on accumulation of ice and snow in municipal parking lot, where village had not received statutorily required written notice of icy condition, and village had not created hazard].)

Accordingly, defendants' motion is granted in all respects and this action is dismissed.