■ Jaimie Magee, Appellant, v Town of Brookhaven, Respondent, and Homelines Holding Corp. et al., Appellants, et al., Defendant. [945 NYS2d 177]—

In an action to recover damages for personal injuries, the defendants Homelines Holding Corp., Salvatore Pane, Peter Pisillo, and Suffolk County Property Management Corp. of Mastic, Inc., appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated April 21, 2011, which granted the motion of the defendant Town of Brookhaven for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, and the plaintiff separately appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant Town of Brookhaven which was for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the appeal by the defendants Homelines Holding Corp., Salvatore Pane, Peter Pisillo, and Suffolk County Property Management Corp. of Mastic, Inc., from so much of the order as granted that branch of the motion of the defendant Town of Brookhaven which was for summary judgment dismissing the amended complaint insofar as asserted against it is dismissed, as they are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff and insofar as reviewed on the appeal by the defendants Homelines Holding Corp., Salvatore Pane, Peter Pisillo, and Suffolk County Property Management Corp. of Mastic, Inc.; and it is further,

Ordered that one bill of costs is awarded to the defendant Town of Brookhaven payable by the plaintiff-appellant and the defendants-appellants, appearing separately and filing separate briefs.

The plaintiff commenced this action against, among others, the Town of Brookhaven, to recover damages for injuries she sustained in an automobile accident allegedly caused by ice on a roadway owned and maintained by the Town. The Town moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it on the ground that it did not have prior written notice of the allegedly dangerous condition as required by the Town of Brookhaven Code § 84-1.

The Town made a prima facie showing of its entitlement to judgment as a matter of law by submitting affidavits of its employees demonstrating that it did not receive the requisite prior written notice of the alleged icy condition (*see* Town of Brookhaven Code § 84-1 [A]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Wohlars v Town of Islip*, 71 AD3d 1007, 1009 [2010]; *Politis v Town of Islip*, 82 AD3d 1191, 1192 [2011]). In opposition, the appellants failed to raise a triable issue of fact. Constructive notice of a condition is insufficient to satisfy the requirement of prior written notice (*see* Town of Brookhaven Code § 84-1 [B]; *Amabile v City of Buffalo*, 93 NY2d at 475; *Rosenblum v City of New York*, 89 AD3d 439 [2011]; *Tucker v City of New York*, 84 AD3d 640, 645 [2011]; *Kiszenik v Town of Huntington*, 70 AD3d 1007, 1008 [2010]; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009], *affd* 17 NY3d 125 [2011]; *McCarthy v City of White Plains*, 54 AD3d 828, 830 [2008]).

Since the Town established its prima facie entitlement to judgment as a matter of law, the burden shifted to the appellants to raise a triable issue of fact as to the applicability of one

of the two exceptions to the prior written notice requirement, namely, the Town's affirmative creation of the defect or its special use of the property (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Amabile v City of Buffalo*, 93 NY2d at 474). Contrary to the appellants' contentions, they failed to raise a triable issue of fact as to whether the allegedly icy condition was created by the Town's affirmative negligence (*see Wohlars v Town of Islip*, 71 AD3d at 1009; *Denio v City of New Rochelle*, 71 AD3d 717, 718 [2010]; *Flederbach v Faymen*, 65 AD3d 1010, 1011 [2009]; *Ravina v Incorporated Town of Greenburgh*, 6 AD3d 688, 689 [2004]; *Frullo v Incorporated Vil. of Rockville Ctr.*, 274 AD2d 499 [2000]; *Alfano v City of New Rochelle*, 259 AD2d 645 [1999]; *Zwielich v Incorporated Vil. of Freeport*, 208 AD2d 920, 921 [1994]), and there was no claim of special use.

Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.