■ KAREN MORREALE, Appellant, v TOWN OF SMITHTOWN, Respondent. [61 NYS3d 269]——

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pastoressa, J.), entered November 3, 2016, which, upon an order of the same court dated October 20, 2016, granting the defendant's motion for summary judgment dismissing the complaint and denying her cross motion for summary judgment on the issue of liability, is in favor of the defendant and against her dismissing the complaint. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

On December 18, 2013, at approximately 5:00 p.m., the

plaintiff allegedly slipped and fell on ice on a sidewalk or walkway as she was walking her dog in Charles Toner Park, which is owned by the defendant, Town of Smithtown. Thereafter, the plaintiff commenced this action against the Town to recover damages for personal injuries. The Town moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the Town's motion and denied the plaintiff's cross motion.

Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a defect or dangerous condition which comes within the ambit of the law unless it has received written notice of the alleged defect or dangerous condition, or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *DeSalvio v Suffolk County Water Auth.*, 127 AD3d 804, 805 [2015]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

Here, the Town established its prima facie entitlement to judgment as a matter of law by submitting evidence, including an affidavit from its Town Clerk, demonstrating that it did not receive prior written notice of the condition alleged, and that it did not create the alleged condition through an affirmative act of negligence. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Town created the alleged condition through an affirmative act of negligence. The plaintiff's reliance on *San Marco v Village/Town of Mount Kisco* (16 NY3d 111 [2010]) is misplaced. The Town's failure to remove any snow or ice from the area where the subject accident occurred was passive in nature and does not constitute an affirmative act of negligence excepting it from prior written notice requirements (*see Masotto v Village of Lindenhurst*, 100 AD3d 718, 719 [2012]; *Wohlars v Town of Islip*, 71 AD3d 1007, 1009 [2010]; *Stallone v Long Is. R.R.*, 69 AD3d 705 [2010]; *Groninger v Village of Mamaroneck*, 67 AD3d 733 [2009], *affd* 17 NY3d 125 [2011]; *Zwielich v Incorporated Vil. of Freeport*, 208 AD2d 920, 921 [1994]; *Radicello v Village of Spring Val.*, 115 AD2d 466 [1985]). The plaintiff did not claim that the special use exception applied.

Accordingly, the Supreme Court properly granted the Town's

motion for summary judgment dismissing the complaint, and, for the same reasons, properly denied the plaintiff's cross motion for summary judgment on the issue of liability.

In light of the foregoing, we need not reach the plaintiff's remaining contention. Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.