Casciano v Town/Village of Harrison (2018 NY Slip Op 02593)





Casciano v Town/Village of Harrison


2018 NY Slip Op 02593


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-10187
 (Index No. 59966/14)

[*1]Nicholas Casciano, respondent, 
v
Town/Village of Harrison, appellant, et al., defendant.


Vincent J. Aceste, White Plains, NY (Stephen A. Weinberg and Nelson E. Canter of counsel), for appellant.
Zalman Schnurman & Miner, P.C., New York, NY (Marc H. Miner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town/Village of Harrison appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated September 6, 2016, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that he was injured when he slipped and fell on ice on a roadway in the vicinity of his residence in the Town/Village of Harrison (hereinafter the Town). He commenced this action against the Town and another defendant, alleging, inter alia, that the Town affirmatively created, through its negligence in constructing and paving the road, a condition which allowed water to accumulate and freeze on the roadway, and that the condition caused his fall. The Town moved for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it did not receive prior written notice of the alleged defective condition. The Supreme Court denied the motion, and the Town appeals.
In support of its motion, the Town was required to demonstrate that it did not receive prior written notice of the alleged defective condition, and that it did not create that condition through an affirmative act of negligence that permitted water to accumulate and freeze on the roadway (see generally Morreale v Town of Smithtown, 153 AD3d 917, 918; DeSalvio v Suffolk County Water Auth., 127 AD3d 804, 805). The Town failed to establish, prima facie, that it did not [*2]create the alleged defective condition through an affirmative act of negligence. Contrary to the Town's contention, the evidence submitted in support of its motion failed to demonstrate, prima facie, that it did not negligently construct or pave the road in a manner that permitted water to accumulate and freeze on the roadway, or that it subsequently successfully repaired the alleged defective condition prior to the plaintiff's accident (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562). Since the Town failed to establish its prima facie entitlement to judgment as a matter of law, the motion was properly denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court