Brower v County of Suffolk (2020 NY Slip Op 03889)





Brower v County of Suffolk


2020 NY Slip Op 03889


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-00028
 (Index No. 2276/13)

[*1]Marilyn Brower, et al., appellants, 
v
County of Suffolk, defendant, Town of Brookhaven, et al., respondents.


Leo Tekiel (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondents Town of Brookhaven and Town of Brookhaven Highway Department.
Martin Clearwater & Bell, LLP, East Meadow, NY (Gregory A. Cascino and Rosaleen T. McCrory of counsel), for respondent Incorporated Village of Mastic Beach.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 10, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Town of Brookhaven and Town of Brookhaven Highway Department and the defendant Incorporated Village of Mastic Beach which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In January 2012, the plaintiff Marilyn Brower (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell while walking on a street near her home in the defendant Incorporated Village of Mastic Beach. According to the injured plaintiff, the street was unplowed and covered in snow at the time of her accident. Pursuant to an agreement entered into between the Village and the defendant Town of Brookhaven, effective November 9, 2011, the Town of Brookhaven, through the defendant Town of Brookhaven Highway Department (hereinafter together the Town), agreed to undertake the removal of snow and ice from streets in the Village.
The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the Town, the Village, and another defendant. Following discovery, the Town and the Village separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, among other things, granted those branches of the motions, and the plaintiffs appeal.
"A municipality that has enacted a prior written notice provision may not be subjected [*2]to liability for injuries caused by a [defective or] dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Seegers v Village of Mineola, 161 AD3d 910, 910 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (Miller v Village of E. Hampton, 98 AD3d 1007, 1008; see Amabile v City of Buffalo, 93 NY2d at 474).
" The prima facie showing that [a municipality is] obligated to make on its motion for summary judgment [is] governed by the allegations of liability made by the plaintiff[ ] in the pleadings and bills of particulars'" (Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778, quoting Lima v Village of Garden City, 131 AD3d 947, 948). Here, the plaintiffs alleged that the Village and the Town were liable because they were responsible for the removal of snow and ice from the subject street and failed to remove such snow and ice.
In support of its motion, the Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting affidavits of two employees demonstrating that it did not receive the requisite prior written notice of the alleged snow and ice condition (see Town of Brookhaven Code § 84-1[A]; Amabile v City of Buffalo, 93 NY2d at 474; Magee v Town of Brookhaven, 95 AD3d 1179, 1180). Contrary to the plaintiffs' contention, Town of Brookhaven Code § 84-1(A) is applicable where the alleged dangerous condition was located on a street that the Town maintained for the Village rather than a street that the Town owned (see Stallone v Long Is. R.R., 69 AD3d 705, 706). Moreover, the Supreme Court properly considered the affidavits of the Town's employees despite the fact that the Town did not previously disclose the employees' identities, because the employees were not notice witnesses, but rather, provided affidavits solely as to their review of the Town's records (see Awai v Benchmark Constr. Serv., Inc., 172 AD3d 978, 979; cf. Concetto v Pedalino, 308 AD2d 470, 470-471). Further, the plaintiffs' contention that the affidavits were deficient and failed to eliminate all triable issues of fact as to the issue of notice is without merit. In opposition to the Town's prima facie showing, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the court's determination to grant that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
The Village also established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it had no prior written notice of the alleged dangerous condition, as required by Village Law § 6-628 (see Burton v Village of Greenport, 162 AD3d 968, 969). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the Village had a nondelegable duty to maintain its street regardless of the agreement with the Town is without merit. Accordingly, we agree with the Supreme Court's determination to grant that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court